## Burson v. Bogart.

1. **Appeals—Law of the Case —** Where, upon a second appeal, the record exhibits a state of facts materially variant from that appearing upon the first appeal, the judgment upon such former appeal is not controlling as to the law of the case.—(411)

2. **Statute of Frauds—Promise to Pay the Debt of Another—** Where one promises to pay the debt of another in consideration of money or property received from the debtor for the expressed purpose of paying the debt, the promise is not within the statute.—(412)

*Appeal from Costilla District Court* — Hon. CHARLES C. HOLBROOK, Judge.

Mr. IRA J. BLOOMFIELD for appellant.

Mr. JAMES W. SHIELDS and Mr. JAMES P. VEERKAMP for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff Bogart, a retail merchant, sold and delivered merchandise to R. M. Cobb, who, at the time, was a tenant of defendant Burson; for which plaintiff claims that defendant agreed to pay. The case originated before a justice of the peace, hence there are no written pleadings. The cause properly reached the district court, where, upon the first trial, there was a judgment for plaintiff, which was reversed by our court of appeals.—*Burson v. Bogart*, 18 Col. App. 449. The case was there well decided upon the record then before the court, as the evidence merely tended to prove a parol promise by one to pay the debt of another, without any consideration, and, therefore, void under the statute of frauds. The case was remanded, and, upon the second trial, there was also a judgment for plaintiff.

Upon this appeal of defendant, he contends that the testimony is not materially different from that produced upon the first trial, and, as the judgment of the court of appeals is the law of the case, a reversal of this judgment must follow. If the premise of the defendant, that the evidence at the second, was substantially the same as that produced on the first, trial, this judgment should now be reversed. A comparison of the two records discloses that, upon the second trial, the evidence was stronger for plaintiff and materially different from that formerly elicited. Disregarding the entire evidence in the record before us which tends to show that defendant, at the time of the purchase of the goods, or soon afterwards, orally promised plaintiff to pay the debt of his tenant, we find, in the deposition of Clarence Cobb, a son of the tenant to whom the goods were sold and delivered, testimony that certain property belonging to the tenant, which theretofore had been included in a mortgage to defendant Burson as security for previous advances, was turned over by the mortgagor to the mortgagee Burson, thereby relieving the latter of the necessity of foreclosing the same, and that this transaction was under an agreement between them that Burson should, out of the proceeds of the property thus turned over, cancel the mortgage debt and pay this Bogart account. Though this testimony was contradicted at the trial by defendant Burson, the trial court evidently believed it, and found accordingly. Assuming, then, as we must under the well established rule in this jurisdiction, that this testimony was true, it is sufficient to sustain the judgment. The case, as thus made, was not one where a third person, not primarily liable for a debt, without consideration, orally promises the primary debtor, or the creditor, to pay the same; but it is a case where the promise to pay the

debt of another is in consideration of property or funds received from the debtor for the express purpose of paying the debt. This promise is not within the statute of frauds, as the promisor thereby makes the debt his own and incurs a primary liability, to which, as the authorities say, the continuing obligation of the debtor is in a sense collateral. Upon such a promise, not only the debtor himself, but the creditor, may sue, even though it is made to the debtor alone. Directly in point are *McIntire v. Schiffer,* 31 Colo. 246; *Hughes et al. v. Fisher,* 10 Colo. 383; *Cerrusite Mining Company v. Steele,* 18 Col. App. 216; *Durkee et al. v. Conklin et al.,* 13 Col. App. 313; 29 Am. & Eng. Enc. of Law (2d ed.) 917.

We find no substantial error in the other rulings of the trial court, such as rulings on the evidence, which are argued in the brief, but, if technical errors were committed, they are not of sufficient importance to cause a reversal. Some other errors are assigned, but have not been argued, and we decline to consider them.                                          *Affirmed.*

Department 1.

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL concur.