JONES NATIONAL BANK, APPELLEE, v. CHARLES E. YATES ET AL., APPELLANTS.

BANK OF STAPLEHURST, APPELLEE, v. CHARLES E. YATES ET AL., APPELLANTS.

UTICA BANK, APPELLEE, v. CHARLES E. YATES ET AL., APPELLANTS.

THOMAS BAILEY, APPELLEE, v. CHARLES E. YATES ET AL., APPELLANTS.

FILED JANUARY 31, 1913. NOS. 17,276, 17,277, 17,278, 17,279.

1. **Banks:** NATIONAL BANKS: LIABILITY OF DIRECTORS. The national bank act, as provided in section 5239 of the Revised Statutes of the United States, affords the exclusive rule by which to measure the right to recover damages from directors based upon a loss resulting solely from their violation of a duty expressly imposed upon them by a provision of the act, and that liability cannot

be measured by a higher standard than that which is imposed by the act.

2. ———: ———: ———: EVIDENCE. Where by the federal statute concerning national banks a responsibility is made to arise against the directors from its violation knowingly, proof of something more than negligence is required, and it must be shown that the violation was intentional.

3. ———: ———: ———. Where the directors of a failed national bank claim immunity under section 5239 of the Revised Statutes of the United States as to the rule of liability to be applied to them, the state courts may not create another rule than that provided by the national bank act, nor are they at liberty to disregard the rule provided by the act.

4. Courts: CONSTRUCTION OF FEDERAL STATUTES. If there is a penalty or liability enforced because of the violation or disregard of the United States statute, then the penalty is that provided by such statute, and the interpretation of the statute made by the United States supreme court must be adopted by the state courts.

5. Banks: NATIONAL BANKS: LIABILITY OF DIRECTORS: STATUTORY PROVISIONS. The civil liability of national bank directors in respect to the making and publishing of the official reports of the condition of the bank is based upon the duty enjoined by the national bank act, and the rule expressed by the statute is the exclusive rule, because of the elementary principle that, where a statute creates a duty and prescribes a penalty for its nonperformance, "the rule prescribed in the statute is the exclusive test of liability." *Yates v. Jones Nat. Bank*, 206 U. S. 158. *Farmers & Merchants Nat. Bank v. Dearing*, 91 U. S. 29.

6. ———: ———: ———: FRAUD: PLEADING AND PROOF. To render a director of a national bank personally liable to a depositor for fraud and deceit practiced by its officers, as at common law, it must be alleged and proved that the director had knowledge of, or approved of, or participated in, the fraudulent acts of which complaint is made.

APPEAL from the district court for Seward county: BENJAMIN F. GOOD, JUDGE. *Reversed and dismissed.*

*John F. Stout, Halleck F. Rose, F. M. Hall* and *Frank E. Bishop,* for appellants.

*J. J. Thomas, R. S. Norval* and *L. C. Burr, contra.*

HAMER, J.

The cases designated by the foregoing titles and numbers are before this court a second time. By our former decisions (74 Neb. 734) we affirmed the judgments of the district court for Seward county, in which the plaintiffs were successful. The cases were taken on error to the supreme court of the United States, where our judgments were reversed (*Yates v. Jones Nat. Bank,* 206 U. S. 158; *Yates v. Utica Bank, Yates v. Bailey,* and *Yates v. Bank of Staplehurst,* 206 U. S. 181), where it was held that plaintiffs' petitions were insufficient to charge the defendants with a common law liability for fraud and deceit. When the mandates were received by this court, the causes were remanded to the district court for Seward county for further proceedings. Thereafter plaintiffs amended their petitions by interlineations, and thereby sought to change their causes of action so as to avoid the federal question. Upon a second trial the plaintiffs again had the judgments, and from these judgments the defendants have appealed.

Defendants contend, among other things, that the amendments above mentioned were wholly insufficient to change the plaintiffs' causes of action; that they still charge a violation of the national bank act; and that question will be first considered.

An examination of the record discloses that the interlineations by which it was sought to amend the petitions consisted of some slight amplifications of the statements contained in the original petitions as theretofore amended. The amendments contain no material additional statement of facts, and the petitions still charge the defendants with making false statements to the comptroller of the currency as to the condition of the Capital National Bank, and this is the main foundation or basis for recovery. By the amendments plaintiffs attempt to charge that the defendants knowingly and fraudulently, and with the intent to deceive the plaintiffs, made such statements, and

that thereby they induced the plaintiffs to become depositors in the Capital National Bank. To the petitions thus amended, each of the defendants demurred. The demurrers were overruled, and the defendants excepted. It is probable that the demurrers should have been sustained; but defendants answered over and admitted that the Capital National Bank was organized under the national banking act, but denied that they signed the statements or reports made to the comptroller as stated in the petition; alleged that they had no knowledge of the falsity or untruth of any of them, or of the true condition of the Capital National Bank at the times mentioned in the amended petition; denied that they caused the reports to be published in the newspapers; denied that they caused them to be sent out to the public or to the plaintiffs; denied that they had any knowledge that they were so sent by any of the officers or agents of the bank; they also pleaded a former adjudication, and averred that the only acts performed by them were done in compliance with the provisions of the national banking act, and that their liability, if any, was measured by the terms of that act, and not otherwise. Plaintiffs' replies were a general denial of the facts stated in the defendants' answers. Trials were had to the court without the intervention of a jury. There was a general finding for the plaintiffs, together with certain special findings as to each of the defendants, some of which are inconsistent with the general finding; and upon such findings the judgments appealed from were rendered. Defendants have renewed their objections to the sufficiency of the plaintiffs' amended petitions, and also contend that the testimony is insufficient to sustain the general finding upon which the judgments in question are predicated.

It is impracticable, considering the length of the petitions and the manner in which they were amended by interlineations, to set them forth in this opinion, and it is sufficient to say that we are of opinion that the amendments in no way changed the nature of the plaintiffs'

causes of action; and, unless the supreme court of the United States shall recede from its decision of these cases, the petitions will be held insufficient by that court to state a common law liability for fraud and deceit as against the defendants, who were simply directors of the Capital National Bank.

Coming now to the consideration of the additional evidence introduced upon the second trial of these cases, we are of opinion that it is insufficient to charge the defendants with a personal liability for fraud and deceit. The testimony is clear, and practically without dispute, that when defendants Yates and Hamer signed the reports of December 9, 1892, and December 28, 1886, which are the ones upon which this action is in fact predicated, neither of them had any personal knowledge of their falsity, but signed them in good faith, believing that they exhibited the true condition of the Capital National Bank. It is not shown that either Yates or Hamer ever had any communication or conversation with the plaintiffs, or any of them, in regard to the condition of the Capital National Bank. It is not shown that they, or either of them, had any knowledge that any published statements or cards containing any information as to the condition of the bank were ever sent to the plaintiffs, or any of them, by any officer or agent of the bank.

It follows, therefore, that the evidence is insufficient to charge them, or either of them, with ever having knowingly made any false statement in regard to the condition of the bank, or participated in sending any advertising matter, published statements, or any of the things mentioned in the plaintiffs' petition to them, or any of them; and, having taken no part in said transactions, it cannot be said that they knowingly participated in any of them. There being nothing in the record sufficient to bring defendants Yates and Hamer within the rule of liability announced by the supreme court of the United States in these cases and others, we are of opinion that the judgment as to them must be reversed.

As to the defendant David E. Thompson, it appears from the record that he did not sign either of the statements in question. Some evidence was introduced which tends to show that before the last report was signed Thompson had notice of a letter from the comptroller of the currency questioning the correctness of the former reports made to him by the directors, and requiring the bank officers to charge off certain worthless notes or obligations held by that institution; that thereafter Thompson refused to sign any statements to the comptroller of the currency, and took no part in the management of the bank; that he disposed of some of his stock; that he was not informed in any way of the fact that published statements of the condition of the bank were sent by any agent or officer of the bank to the plaintiffs, if any such were sent. While it may be said that for a considerable length of time before the bank was closed by the comptroller he had some knowledge that its financial condition was questioned, still, so far as the record shows, defendant Thompson did not personally participate in any of the acts of which the plaintiffs complain, and they do not claim that he ever had any conversation with, or made any statement whatever to, the plaintiffs, or any of them.

As we view the opinion of the supreme court of the United States in *Yates v. Jones Nat. Bank, supra,* there was required in this case of the directors of the bank only that standard of conduct expressly imposed by section 5239 of the Revised Statutes of the United States, and no higher duty may be rightfully established and demanded. A bank director is guaranteed immunity from liability under the very law that permits him to become a director. As an inducement to him to act in that capacity, the law assures him that he is not to be liable except for that which he knowingly does. A knowledge must be brought home to the director that he is deceiving the individual wronged and may thereby occasion a loss to him. The director is not liable for his own mistakes or blunders, or for the mistakes or blunders of his brother directors;

neither is he liable for the frauds and wrongs of the officers of the bank, unless he has personal knowledge thereof or participates in such fraudulent acts. If it were not so, there would be great difficulty in securing men to assume the position of national bank directors. The rule for which plaintiffs contend, if carried to its ultimate conclusion, would make the director of the national bank, who has himself been imposed upon and deceived by its officers, and who has thereby suffered loss, liable to the depositors for the fraudulent acts of such officers. Such has not been the views expressed by the supreme court of the United States in any cases. The opinion of Justice White in *Yates v. Jones Nat. Bank, supra,* is based on a single proposition; that is: "Where a statute creates a duty and prescribes a penalty for nonperformance, the rule prescribed in the statute is the exclusive test of liability." In the argument on behalf of the appellees it is said: "We sought to avoid the application of this rule for the reason that, while the national banking act expressly commanded the publication of the official report, it did not require the publication of a *true* report, and that therefore the publication of a *false* report did not violate any express mandate of the statute." *Cochran v. United States,* 157 U. S. 286. The argument was that the making of a *false* report was not a violation of the United States bank act, and that the remedy provided by section 5239 for violations of the statute did not reach the case, and therefore the contention was that there was no statutory remedy for making a false report, and that the plaintiffs in the court below could resort to their remedy at common law. This is a sort of legal refinement, and the only objection to it is that it does not seem to be along ordinary logical lines. The trouble with this contention is that it would eliminate the federal courts from a construction of the United States statutes and their enforcement. This would make a failure of bank directors to closely observe the terms of the national banking act, though acting under it, an excuse for releasing them

from all penalties to be inflicted under the act and by its provisions, and the substitution of a different liability from that imposed by the statute.

In *Briggs v. Spaulding,* 141 U. S. 132, the bill was framed upon the theory of a breach by the defendants, as directors, of their common law duty as trustees of a financial corporation, and of breaches of special restrictions and obligations of the national banking act. There plaintiffs commenced their action under the United States banking act, and claimed a liability because of a violation of the same. It was there said that plaintiffs cannot, in an action to recover because of a violation of the banking act, be allowed to recover upon some *other* theory. The plaintiff may not jumble his causes of action together and then say to the defendant: If you are not liable upon that which I have charged you with, then here is another construction that can be placed upon what I have said, and you are liable under that. It may be said, with much plausibility and reason, that it should be the duty of the directors to look into the condition of the bank of which they are directors; but that matter seems to have been determined by the supreme court of the United States in the case of *Briggs v. Spaulding, supra,* where it was said: "Persons who are elected into a board of directors of a national bank, about which there is no reason to suppose anything wrong, but which becomes bankrupt in 90 days after their election, are not to be held personally responsible to the bank because they did not compel an investigation, or personally conduct an examination." That decision holds that, if the bank directors fail to look into the condition of the bank, they are not guilty of an ordinary want of care, so far as the statute is concerned; section 5239 states in terms the nonliability of bank directors who fail to investigate the conditions of the bank. It may be that, when one deposits money in a bank or takes stock in a bank, thus putting his property in immediate control of other persons, he has a right to expect that the directors, who are supposed to manage the bank, will ex-

ercise at least ordinary care and prudence in the management of the bank's affairs; but the degree of care required rests of course with congress, which has control of the legislation.

In *Briggs v. Spaulding,* 141 U. S. 132, Chief Justice Fuller, in delivering the opinion of the court, among other things, said: "(1) Our attention has not been called, however, to any duty specifically imposed upon the directors as individuals by the terms of the act. (2) If any director participated in, or assented to, any violation of the law by the *board* he would be individually liable. * * * (3) It does not follow that the executive officers should have been left to control the business of the bank absolutely and without supervision, or that the statute furnishes a justification for the pursuit of that course. Its language does enable individual directors to say that they were guilty of no violation of a duty directly devolved upon them." (4) He cites 1 Morawetz, Private Corporations (2d ed.) sec. 556, to the effect that: "The liability of directors for damages caused by acts expressly prohibited by the company's charter or act of incorporation is not created by force of the statutory prohibition. (5) The performance of acts which are illegal or prohibited by law may subject the corporation to a forfeiture of its franchises, and the directors to criminal liability; *but this would not render them civilly liable for damages.* (6) The liability of directors to the corporation for damages caused by unauthorized acts rests upon the common law rule which renders every agent liable who violates *his authority to the damage of his principal.* * * * (7) The degree of care required depends upon the subject to which it is to be applied, and each case has to be determined in view of all the circumstances. (8) They (bank directors) are not insurers of the fidelity of the agents whom they have appointed, who are not their agents, but the agents of the corporation; and they cannot be held responsible for losses resulting from the wrongful acts or omissions of other directors or agents, unless the

12

loss is a consequence of their own neglect of duty, either for failure to supervise the business with attention or in neglecting to use proper care in the appointment of agents. 1 Morawetz, Private Corporations (2d ed.) sec. 551 *et seq.*, and cases. * * * (9) The relation between the corporation and them (bank directors) is rather that of principal and agent, certainly so far as creditors are concerned, between whom and the corporation the relation is that of *contract* and not of *trust.* * * * (10) There are many things which, in their management, require the utmost diligence, and most scrupulous attention, and where the agent who undertakes their direction renders himself responsible for the slightest neglect. There are others where the duties imposed are presumed to call for nothing more than ordinary care and attention, and where the exercise of that degree of care suffices. The directors of banks from the nature of their undertaking fall within the class last mentioned, while in the discharge of their ordinary duties."

The plaintiffs having failed to allege and prove that the defendants personally knew of, or personally participated in, the acts of the officers of the bank of which they now complain, it seems clear that, if we follow the decision of the supreme court of the United States in these cases, they are not entitled to recover, and the judgments of the district court should be reversed as to all of the defendants. It also is apparent that plaintiffs cannot produce any other or additional evidence which will render the defendants liable in these cases, and therefore the judgments are reversed and the actions are dismissed.

REVERSED AND DISMISSED.

REESE, C. J., not sitting.

SEDGWICK and FAWCETT, JJ., dissenting.

LETTON, J., concurring in part.

I concur in the view that the amendments made after

the remand do not change the issues, and only set out more fully a cause of action for deceit at common law. The issues, then, are the same as when the case was presented to the supreme court of the United States. A careful reading of the history of this case, set out in the opinions of this court and in those of several inferior federal courts before which the question was presented, shows that it was their opinion that the petitions charge only a liability at common law for deceit, and not one under the national banking acts. The judgment of this court which was reversed by the supreme court of the United States was based upon the theory that the pleadings contained no federal question and stated merely a common law liability. The supreme court of the United States held that a federal question was presented, and that "the measure of responsibility, concerning the violation by directors of express commands of the national bank act, is, in the nature of things, exclusively governed by the specific provisions on the subject contained in that act." *Yates v. Jones Nat. Bank,* 206 U. S. 158, 178.

I agree with the former judgment of this court and that of the several inferior federal tribunals before which the question was presented that the petitions state a cause of action at common law for deceit, but think this court is bound by the opinion of the supreme court of the United States. I am also inclined to the view that the evidence would support a judgment upon such a theory of the case. The findings of the district court are to that effect. I am not satisfied they are unsustained by the evidence. The presumption is that they are so sustained; but I have not examined the evidence so critically as would be necessary to determine this, for the reason that, under the holding of the supreme court of the United States as to the measure of duty and of liability of directors under the banking laws of the United States, I think a case has not been made. For that reason alone, I concur in the conclusion.

SEDGWICK, J., dissenting.

It seems to me that the opinion and the concurring opinion are both predicated upon the capital error of assuming that it has been decided by the supreme court of the United States that the action is one for deceit at common law, and for that reason cannot be maintained. The opinion says that it was held (by the supreme court of the United States) that plaintiffs' petitions were insufficient to charge the defendants with a "common law liability for fraud and deceit," whereas that court held that the action was essentially for a violation of the federal statute, and expressly holds that such actions can be maintained in the state courts, and then reverses the judgment of this court, not because of any defect in the petition, that question not being discussed or even mentioned, but because the trial court erroneously instructed the jury as to liability under the federal statute. The opinion discusses the proposition somewhat at length, and concludes that "unless the supreme court of the United States shall recede from its decision of these cases, the petitions will be held insufficient by that court to state a common law liability for fraud and deceit as against the defendants, who were simply directors of the Capital National Bank." It seems to me wonderful that any members of this court should so completely misunderstand the opinion of that court. The concurring opinion falls into the same remarkable error, as the first sentence shows: "I concur in the view that the amendments made after the remand do not change the issues, and only set out more fully a cause of action for deceit at common law." This is exactly the reverse of what the supreme court in fact decided: "Directors of a national bank who merely negligently participated in or assented to the false representations as to the bank's financial condition contained in the official report to the comptroller of the currency * * * cannot be held civilly liable to any one deceived," etc. *Yates v. Jones Nat. Bank*, 27 Sup.

Ct. Rep. 638 (206 U. S. 158). This is the decision of the merits of the case as stated in the third paragraph of the syllabus. In the opinion the court say that the basis of the assignments of error is found in the *instructions given by the trial court, and in refusals to give instructions.* These instructions and refusals are quoted by the court and they all relate to this one point. Is proof of negligence only sufficient? Must the violation of the federal statute be in effect intentional? These instructions and refusals furnish the sole ground for reversal. All other points are resolved in favor of defendant in error. The court said that it was suggested by the plaintiffs in error that the action to enforce a liability created by the federal statute was "so inherently federal" that "the state court was wholly devoid of jurisdiction, * * * and that such action could only be brought in the courts of the United States." It was thought sufficient in the opinion to say that such contentions were without merit; but the character of the action and the right to bring it in the state courts is plainly stated in the fourth paragraph of the syllabus: "State courts may enforce, against directors of a national bank who have made false representations as to the bank's financial condition in the official report to the comptroller of the currency, the civil liability prescribed by U. S. Rev. St., sec. 5239, which * * * makes every director who participated in or assented to the same civilly liable to persons who have suffered damage in consequence thereof." How is it possible that any one should suppose that the court held that the pleadings were defective or that the judgment was reversed because the action was the common law action for fraud and deceit?

It is said in the opinion which has been promulgated as the opinion of this court: "As we view the opinion of the supreme court of the United States in *Yates v. Jones Nat. Bank, supra,* there was required in this case of the directors of the bank only that standard of conduct expressly imposed by section 5239 of the Revised Statutes

of the United States (U. S. Comp. St. 1901, p. 3515), and no higher duty may be rightfully established and demanded." And this is discussed at length in the opinion. This statement is entirely outside of the case at bar. There is no attempt to establish or demand any higher duty of these directors than is enforced by the federal statute. No action against the directors of a national bank for fraud and deceit at common law can be maintained. This was decided when this case was formerly before the supreme court of the United States, and has been since emphatically decided by that court, and no such claim can be made in this case. The question is whether these directors are liable under the federal statute, and this action is prosecuted under that statute to enforce such liability. No action could be presented in any other way. No one who will take the pains to read the opinion need make such mistakes. If the instructions of the trial court had correctly stated the law as to liability under the federal statute the judgments would have been affirmed.

When the case was in this court the first time, this court followed the law announced in the earlier case of *Gerner v. Mosher,* 58 Neb. 135, 154, and held that, in signing the reports to the comptroller of the currency, the directors "by such act vouched for, or certified to, the absolute truthfulness of the statements therein contained, and not that the report was correct so far as the directors knew or had been advised by the proper performance of their duties as directors." This court thereupon held that the instructions given by the trial court were not erroneous. *Yates v. Jones Nat. Bank,* 74 Neb. 734. The supreme court of the United States reversed the case upon this point only, and held that, "where by law a responsibility is made to arise from the violation of a statute knowingly, proof of something more than negligence is required; that is, that the violation must in effect be intentional." To determine the meaning of this language of that court in this case is now the question of law for this court upon

this appeal. If there ever was any doubt of the holding of that court upon this point, that doubt has emphatically been set at rest by a later decision, where the language used by that court in this case is quoted and its meaning fully stated and made plain. *Thomas v. Taylor*, 224 U. S. 73. That case originated in a *nisi prius* court of the state of New York. It was afterwards taken to the appellate division, and to the court of appeals of that state. The court of appeals adopted the opinion of the appellate division, and the supreme court of the United States affirmed the decision of that court. It appears that the action was begun as a common law action for fraud and deceit and was substantially so prosecuted in the trial court, and when it reached the appellate division it was insisted that it could not then be considered as an action to enforce the liability imposed by the federal statute. The state court held that a common law action for fraud and deceit could not be sustained against the directors of a national bank, but that "a judgment in an action against such directors, tried and determined in accordance with common law principles for publishing a false report which induced the plaintiff to purchase stock in the bank, will not be reversed when the case, both as to pleading and proof, meets the statutory requirements, especially when defendants do not claim to have been prejudiced by the theory upon which the action was tried. A right decision will not be reversed merely because a wrong reason has been assigned therefor." 124 App. Div. (N. Y.) 53. The supreme court of the United States approved this holding, and again decided that no common law action for fraud and deceit could be maintained, and yet this court states as a reason for reversing this judgment that, "unless the supreme court of the United States shall recede from its decision of these cases, the petitions will be held insufficient by that court to state a common law liability for fraud and deceit as against the defendants, who were simply directors of the Capital National Bank." That court, in this very case, had decided that no possible

allegation can be sufficient to state such common law liability; that is, that no common law action could be sustained.

The case of *Thomas v. Taylor*, 224 U. S. 73, will leave no possible room for doubt as to the measure of liability of the directors in making these reports to the comptroller. In that case, as in the case at bar, the assets of the bank had become depleted and the reports to the comptroller misrepresented the condition of the bank. The plaintiff had not seen the reports to the comptroller, but had been informed of their contents, and purchased some of the stock of the bank relying upon the statements in those reports. On account of the false reports he was compelled to pay an assessment upon the stock which he bought, and brought his action to recover damages so sustained. In the syllabus the court stated the law as follows: "Although the common law action of deceit does not lie against directors of a national bank for making a false statement, and the measure of their responsibility is laid down in the national banking act (*Yates v. Jones Nat. Bank*, 206 U. S. 158), an action may be maintained in the state court regardless of the form of pleading if the pleading itself satisfied the rule of responsibility declared by that act. There is, in effect, an intentional violation of a statute when one deliberately refuses to examine that which it is his duty to examine." The opinion is devoted largely to an explanation of the holding in the case at bar when it was before that court. The court said: "The contention goes beyond what was said in *Yates v. Jones Nat. Bank*. The language there is 'that, where by law a responsibility is made to arise from the violation of a statute knowingly, proof of something more than negligence is required; that is, that the violation must in effect be intentional.' Not, therefore, that as a condition of liability there should be proof of something more than recklessness; not that there should be an intentional violation, but a violation 'in effect' intentional. There is 'in effect' an intentional violation of a statute when one

deliberately refuses to examine that which it is his duty to examine." And, again, the court said: "There was an issue of knowledge tendered by the pleadings, and to sustain their side of the issue plaintiffs in error offered testimony of the correctness of the books and to show that the report was a true copy of them, as it was alleged in their answer to be."

The case at bar is quite similar. There is evidence that the comptroller became dissatisfied with the conditions of the bank, and wrote to the officers of the bank to call the attention of the directors to its condition and to send a statement of what they found to the comptroller. This was done, and these defendants signed the statement to the comptroller. It is therefore conclusive that these defendants knew the condition of the bank. After this the reports were published as before, and the plaintiffs were deceived and damaged thereby. There is a large mass of evidence in the case, but it is useless to discuss it, in view of the total inadequacy of the opinion and concurring opinion to discuss, or even to state, the questions of law upon which this decision depends.

FAWCETT, J., concurs in this dissent.