Peoples State Savings Bank of Baxter, Appellant, v. Joe Cross et al., Appellees.

**FRAUDS, STATUTE OF:** Debt of Another—Original Promise. The oral promise of one who takes over the property of a debtor and agrees to pay the obligations of such debtor, is not within the statute of frauds.

**EVIDENCE:** Competency—Admissions to Pay Debt of Another. The oral admission of a party that he had agreed to pay the debt of another party in consideration of property turned over to the party making such admission, is competent.

**TRIAL:  Directed Verdict—Jury Question.**  Admissions by a party that he had taken over the property of a debtor and had agreed to pay the obligations of such debtor, present a jury question, in an action by a creditor to enforce such agreement.

*Appeal from Jasper District Court.*—D. W. HAMILTON, Judge.

APRIL 1, 1924.

ACTION at law, to recover on an alleged oral contract made for the benefit of a third person.  Upon the conclusion of the plaintiff's testimony, the court sustained the motion of the defendants for a directed verdict, on the ground that there was insufficient evidence to submit the issues to the jury.  From the judgment entered, plaintiff appeals.—*Reversed.*

*Campbell & Campbell,* for appellant.

*Cross & Hamill,* for appellees.

DE GRAFF, J.—It appears from the record without contradiction that one D. B. Cross, a son of one appellee and the brother of the other appellee, was indebted to several persons in divers amounts; that he, D. B. Cross, invested the appellees with both the title and possession of all of his property, real and personal; that no money or property was received directly from appellees by D. B. Cross in payment of the purchase price, if any, as a consideration for his delivery to the appellees of all of the property of which D. B. Cross was possessed, and that thereafter appellees paid part of the debts of D. B. Cross, making full settlement as to some and compromising others.  Plaintiff in its petition alleges that the appellees orally agreed with D. B. Cross that, if he, D. B. Cross, would invest them with the title and possession of all his property, they, appellees, as consideration therefor, would pay the debts of D. B. Cross.  This the defendant-appellees deny, and plead that, even though such a contract was in fact made, no evidence thereof is competent, because of the limitations within the provisions of our statute of frauds.

One of the debts owed by D. B. Cross, and admitted by

appellees, is an interest-bearing promissory note of $800, of which D. B. Cross is the maker and the plaintiff is payee. The debt represented by this note is the provocation for this action, predicated on the alleged oral contract heretofore stated, as on a contract made for the benefit of a third person. At the close of plaintiff's testimony, the trial court directed a verdict in favor of the defendants, on the theory that plaintiff had failed to sustain the issues by sufficient competent evidence.

This appeal presents two questions for determination: (1) If such a contract, as pleaded, was in fact entered into, is evidence of its execution required to be in writing, as of a contract within the statute of frauds; and (2) if not, was the plaintiff, on the record facts, entitled to have the issues submitted to the jury?

1. FRAUDS, STAT-
UTE OF: debt of
another: orig-
inal promise.

The first question must be answered in the negative. There is little room for argument on this question. The statute of frauds is itself a rule of evidence, and its limitations are fairly well defined. If the appellees, for a consideration, made a contract with D. B. Cross to pay the debts of D. B. Cross, they could discharge their obligation to D. B. Cross in only one way, to wit: by paying the appellant. The fact that they agreed to pay the debt of another, so far as the appellant is concerned, would not bring the transaction within the statute of frauds. The courts are quite unanimous in holding that in such a case the promisor does not agree to pay unto the third party alone the debt the promisee owes, but agrees to pay unto the third party a debt which the promisor himself owes unto the promisee. In so doing, the promisor incidentally pays a debt that the promisee owes to another; but this is not a controlling consideration. The promisor is merely fulfilling the obligation of an original undertaking entered into between him and the debtor. Under the instant pleadings, the statute may not be used as a defense against an effort of a third party to enforce an agreement which was in reality an original undertaking, and not merely a promise to pay the debt of another, where nothing passed to the promisor. See *Frohardt Bros. v. Duff,* 156 Iowa 144; *Senninger v. Rowley,* 138 Iowa 617; *Morrison v. Hogue,* 49 Iowa 574; *Bowen v. Kurtz,* 37 Iowa 239.

Much of the evidence sought to be introduced by plaintiff

upon the trial of this cause was subject to objections, which
were sustained on the apparent ground that it was incompetent,

2. EVIDENCE: com-
petency: admis-
sions to pay
debt of another.

under the statute of frauds.   It appears that
the cashier of the plaintiff bank had a conversa-
tion with the defendants concerning the pay-
ment of the note owing to plaintiff by D. B. Cross, and also con-
cerning the agreement, as pleaded by the plaintiff.   Questions
were asked, in an attempt to elicit from this witness the con-
versation had with the appellees relative to the agreement.   We
will recite a few of them, as typical of the questions to which
answers were not permitted to be given, by reason of the objec-
tions made:

''Q.   Well, did they state whether there had been anything
said between them and Dwight about that note?

''Q.   Did they state whether there was an agreement with
D. B. Cross?

''Q.   What, if anything, was said, Mr. Trout, by Joe Cross
and Jesse Cross to you in that conversation, whether they had
an agreement with D. B. Cross about the payment of his debts;
and if so, state what was said?

''Q.   Did they tell you of any statements made between
them and Dwight Cross in connection with the turning over of
this property?

''Q.   Will you tell the jury what, if anything, was said in
that conversation by Joe Cross and Jesse Cross about the pay-
ment of D. B. Cross, or about any obligations on their part with
reference to the debts of D. B. Cross?''

Other questions of similar import were asked, but not
answered, by reason of the objections offered and sustained.
Plaintiff made an offer to introduce the testimony, to which
objections were sustained.   The evidence sought to be obtained
was directly related to the question of the existence and the terms
of the alleged contract, and was in the nature of admissions
made by the defendants themselves.   It cannot be classed as
opinion evidence, or the conclusion of the witness, nor can it be
classed as leading, as they merely directed the witness's atten-
tion to the conversation, and called for the recollection on the
part of the witness as to what was said.   We can discover no
legal ground for the exclusion of this testimony.   It is a well

established principle of law that, if a debtor transfers property to a third person in consideration of his promise to pay the debts to the creditor, the latter may accept and adopt the promise, when it becomes known to him, and maintain an action upon it. *Runkle & Fouse v. Kettering,* 127 Iowa 6. The promisor thereby makes the debt his own, and assumes an independent duty of paying. We are satisfied that the trial court placed too strict a limitation upon plaintiff on the proof offered by him, and that appellant's point in this particular is well taken.

The second pertinent question involves the correctness of the ruling of the trial court on defendants' motion to direct a verdict. Was the plaintiff entitled, on the record facts, to go to a jury? As heretofore indicated, much of what the plaintiff might have proved is not before us, by reason of the adverse ruling of the court on the questions propounded upon the trial. The record does disclose, in addition to the facts heretofore stated, that certain admissions were made by one or both of the appellees with respect to the details of the transactions between themselves and D. B. Cross; that the appellees had taken over all of the property of D. B. Cross; that they had told D. B. Cross "that, by taking over this stuff, they would pay his debts;" that Joe Cross stated that "he had taken Dwight's property over, and was going to pay up the notes, or the debts;" that certain debts had been paid by them, and others were attempted to be compromised; that they had interviewed several of the creditors of D. B. Cross, in an effort to settle. We will not assume, nor was the trial court entitled to assume, that the record as made was true. Plaintiff, however, is entitled to have the most favorable construction that the evidence will reasonably bear; and, if reasonable men might differ on the question as to whether or not such a contract was made as is alleged by plaintiff, then a jury question is presented. This is not a case of a written contract, which might call for interpretation by the court. The plaintiff was entitled to prove the contract by admissions; and in the proof of an oral contract, conduct and circumstances are to be considered. The jury is not limited to the spoken word alone, under such conditions, but has the right, and is in duty bound, to consider all facts and matters properly admitted in evidence, and to draw therefrom all

3. Trial: directed verdict: jury question.

reasonable inferences, to assist them in arriving at a correct conclusion. A court is not privileged to perform that function. For the reasons stated, the cause is reversed and remanded for new trial.—*Reversed.*

ARTHUR, C. J., STEVENS and VERMILION, JJ., concur.