[Civil No. 2091. Filed June 2, 1924.]

[226 Pac. 424.]

# Y. L. HOLMES and FARMERS AND MERCHANTS' BANK, a Corporation, Appellants, v. T. J. HUGHES, Appellee.

1. TRIAL—SUBMISSION OF ISSUES ON SPECIAL INTERROGATORIES HELD NOT REQUIRED ON THEORY THAT EQUITABLE RELIEF WAS SOUGHT. In action against bank upon debt for money had and received, fact that estoppel was invoked for purpose of denying to bank right to gainsay its promise to pay debt due plaintiff out of money held in trust for that purpose *held* not to compel submission of issues to jury upon special interrogatories on theory that equitable relief was sought.

2. ESTOPPEL — RIGHT OF ONE TO RELY ON PROMISE HELD NOT PRECLUDED ON THEORY THAT HE WAS NOT INJURED.—Where plaintiff voluntarily parted with possession of cattle on which he had lien for pasturage, in reliance on promise of bank to pay debt of owner out of his funds, and mortgages were thereafter filed upon cattle, that plaintiff's lien may not have been technically lost did not prevent him from asserting bank's estoppel to break promise.

3. FRAUDS, STATUTE OF—PROMISE TO PAY DEBT OF ANOTHER OUT OF DEBTOR'S PROPERTY IN HANDS OF PROMISOR ORIGINAL PROMISE. A promise to pay debt of another out of debtor's property in hands of promisor is not a promise to answer for debt, default, or miscarriage of another, but is an original undertaking not within statute, and need not be in writing.

4. APPEAL AND ERROR—FILING TRANSCRIPT OF RECORD HELD NOT COMPLIANCE WITH SUPREME COURT RULES AS TO ABSTRACT OF RECORD. Filing of transcript of record, styling same an abstract of record, does not comply with Supreme Court rules as to abstracts.

1. See 27 R. C. L. 866.

2. See 10 R. C. L. 697.

3. Promise to pay debt of another out of debtor's property as within statute, see note in Ann. Cas. 1912B, 446. See, also, 25 R. C. L. 504.

4. See 2 R. C. L. 155.

See 4 C. J. 387, 389; 21 C. J. 1135, 1137; 27 C. J. 137; 38 Cyc. 1913 (1925 Anno.).

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. H. Lyman, Judge. Affirmed.

Mr. S. B. Pugh and Mr. Earl Anderson, for Appellants.

Messrs. Hayes, Laney & Allee and Messrs. Ward & Griffith, for Appellee.

STRUCKMEYER, Superior Judge.—The appellee brought action against the appellants to recover from the appellants a balance due for pasturage and feed furnished and sold by the appellee to the appellant Holmes for the use of the cattle of the appellant Holmes. The issues were tried to a jury, and judgment upon a general verdict rendered by the court against the appellant in the sum of $1,998.15. While the appellant Holmes has joined in the appeal, the judgment as to him is not questioned, but the errors assigned affect only the appellant Farmers & Merchants' Bank. The allegations of the complaint relating to the latter defendant, reasonably supported by the evidence, are:

That during the months of October, November and December, 1920, at the special instance and request of the appellant Holmes, the appellee furnished pasturage to the said Holmes upon premises then owned and controlled by the appellee for cattle owned and in the possession of the said Holmes, at the agreed price of $1,500, and a quantity of hay at the agreed price of $1,498.15, which pasturage and hay were consumed and used on said premises by said cattle. That a balance of $1,998.15 on said pasturage and hay was due from Holmes. That after Holmes had obtained said pasturage, but before he had obtained any part of the hay, and while the cattle were in the possession of the appellee, Holmes stated and

represented to the appellee that he had recently negotiated a loan of $5,000 on certain real property owned by him, out of which sum he would be able to pay and would pay the balance due the appellee on account of the pasturage, and on account of the hay to be furnished to him by the appellee. That said sum of $5,000 was in the possession of the appellant Farmers & Merchants' Bank, and that approximately $2,000 thereof would be used to pay off certain encumbrances upon the real estate, upon which the loan had been negotiated, and that from the $5,000 the sum of $3,000 would be left with which to pay the appellee for said pasturage and hay, and that the appellant Holmes referred the appellee for verification of his representations to the appellant Farmers & Merchants' Bank. That the appellee inquired of the appellant Farmers & Merchants' Bank whether the account for said pasturage already furnished, and said hay thereafter to be furnished, were certain of being paid by Holmes; that the appellant Farmers & Merchants' Bank well knew the amount that said Holmes owed the plaintiff for pasturage, and that the appellee explained to the appellant Farmers & Merchants' Bank that said appellant Holmes wanted to purchase from the appellee for said cattle about $1,500 worth of hay, and that he, the appellee, would not part with possession of said cattle for which said pasturage had been furnished, until the balance of said pasturage was paid, and would not deliver the said hay to said Holmes unless he was certain that said pasturage bill, and said balance for hay, would be paid; that thereupon the appellant Farmers & Merchants' Bank, well knowing that plaintiff would not part with the possession of said cattle nor furnish said hay unless it was certain that said bills would be paid, did, for the purpose of inducing the appellee to furnish said hay to said Holmes and part with the possession of said cattle,

state and represent to the appellee that said bank had recently secured a loan for the appellant Holmes in the sum of $5,000, for the purpose of paying said balance due for said pasturage and said bill for said hay. That said bank then had in its possession the sum of $5,000 so obtained from such loan to said Holmes, and that it then held said sum of money in trust for the purpose of paying approximately $2,000 thereof to discharge certain encumbrances on the real property of the defendant Holmes, upon which said loan had been made, and of paying the bills for said pasturage and said hay, and that there was sufficient funds so held by it in trust to leave as much as $3,000 with which to pay the appellee for said pasturage and said hay after said encumbrances should be paid, and that it would hold said $3,000, and apply as much thereof as might be necessary to the payment of the appellee's bill for pasturage and hay.

That the appellee, believing said representations and statements to be true, and acting in reliance thereon, delivered and furnished said hay to said Holmes, and thereafter permitted said Holmes to remove said cattle from said premises and out of the possession of the appellee, and did thereby lose his lien on said cattle for the price of said pasturage and hay, and that but for the aforesaid representations made by said bank the appellee would not have furnished said hay to appellant Holmes, and would not have permitted him to remove said cattle from the appellee's possession without payment being made for the balance of said pasturage and the purchase price of said hay. That said cattle were of a value of $10,000, and ample security for the payment of said pasturage and hay, and that said appellant Holmes was then and is now wholly insolvent, which fact said appellant bank well knew. That said bank is estopped to deny that it now has in its possession, and that it holds in trust funds for the payment of the balance

due the appellee from said Holmes on account of said pasturage and hay, and that therefore said bank is justly indebted to the appellee on account of money had and received for the benefit of the appellee in the sum of $1,998.15.

A general demurrer only having been interposed, the same was overruled, and upon the issue raised by a general denial only the case was tried.

The appellants contend that, estoppel being of equitable cognizance, and that hence, as against the appellant, the bank, equitable relief was sought, the issues should have been submitted to the jury upon special interrogatories, and that a general verdict cannot support the judgment. The assumption that upon the pleadings equitable relief is sought against the appellant, the bank, is erroneous, and therefore the contention must fail. The action against the appellant, the bank, is upon a debt for money had and received. Estoppel is invoked only for the purpose of denying the appellant, the bank, the right to gainsay its promise to pay the debt of Holmes out of money by it held in trust for that purpose.

"Courts of equity recognize them [equitable estoppels] in cases of equitable cognizance; but the courts of common law just as readily and freely." *Barnard* v. *Ger. Am. Seminary,* 49 Mich. 444, 13 N. W. 811.

It is argued that the appellee did not lose his lien, and that he did not change his position, situation, or status to his detriment, and that hence he is not injured by relying upon the representations and promises. This argument is without merit. A consideration of the question as to whether or not the lien was technically lost is academic. The appellee, relying upon the promise, did in fact voluntarily part with the possession of the cattle. Whether or not he could have retaken possession thereof is beside the question, for certainly as to third parties the lien was lost by voluntarily surrendering possession. Moreover the

record discloses that within a few days after thus parting with the possession of the cattle chattel mortgages for large sums upon the cattle were filed for record.

The argument questioning the sufficiency of the allegations of the complaint and the evidence in support thereof, as well as the other errors assigned, including the contentions that the promise of the appellant bank, not being in writing, was not enforceable, and including the want of consideration for the promise, are all best disposed of by considering the nature of the action.

The law is well established that a promise to pay the debt of another out of the debtor's property or funds in the hands of the promisor is not a promise to answer for the debt, default or miscarriage of another, but is an original undertaking, not within the statute of frauds, and need not be in writing. *Watson* v. *Perrigo,* 87 Me. 202, 32 Atl. 876; *Deal* v. *Bank,* 79 Mo. App. 262; *Rogers* v. *Empkie Hardware Co.,* 24 Neb. 653, 39 N. W. 844; *Hamill* v. *Hall,* 4 Colo. App. 290, 35 Pac. 927; *Dock* v. *Boyd,* 93 Pa. 92; *Frohardt Bros.* v. *Duff,* 156 Iowa, 144, Ann. Cas. 1915B, 254, 40 L. R. A. (N. S.) 242, 135 N. W. 609; *Oleson* v. *Oleson,* 90 Neb. 738, 134 N. W. 648.

"The party making the promise, holds the funds of the debtor for the purpose of paying his debt, and as between him and the debtor, it is his duty to pay the debt, so that when he promises the creditor to pay it, in substance he promises to pay his own debt, and not that of another; and though the debtor still remains liable for the debt, his real relation is rather that of a surety for the party whose duty it is, and who has promised to pay his debt, than of a principal for whom the other has become surety or guarantor. He holds a fund in trust, under a duty to pay it to the creditor, and he makes an express promise to perform it. In such case, it is no violation of the spirit of the statute to hold such promise an original one, and not

necessary to be in writing.'' *Fullam* **v.** *Adams,* 37 Vt. 391.

."It is a case where the promise to pay the debt of another is in consideration of property or funds received from the debtor for the express purpose of paying the debt. This promise is not within the statute of frauds, as the promisor thereby makes the debt his own and incurs a primary liability, to which, as the authorities say, the continuing obligation of the debtor is in a sense collateral.'' *Burson* **v.** *Bogart,* 49 Colo. 410, 113 Pac. 516.

The bank asserted that it had $5,000, money of the appellant Holmes, in its possession (as in fact it had); that it would hold $3,000 thereof in trust for the purpose of paying the debt due the appellee. Therefore the action was upon its promise, its assumpsit.

The appellant has not filed, according to the rules of this court, an abstract of record, but a transcript only of the record, styling the same an abstract of record. This is not a compliance with the rule of this court. The abstract is not in narrative form, tersely and succinctly stated. Notwithstanding which we have searched the record, and find therein no error.

The judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.

NOTE.—Judge LYMAN being disqualified, Hon. FRED C. STRUCKMEYER, Judge of the Superior Court of Maricopa County, was called to sit in his stead.