## Estate of Hart.

*September 22—October 20, 1925.*

*Trusts: Parol trust: Evidence: Sufficiency: Degree of proof required: Interest in mortgage: Statute of uses and trusts.*

1. Evidence that the purchase price of lands was furnished by the father, but that title was for convenience taken in the name of the son, and that as rents were collected they were turned over to the father, and after the property was sold payments of principal and interest on the purchase price made to the son were likewise remitted to the father, together with testimony of declarations made by the son as to the circumstances of the transaction, is *held* sufficient to establish a parol trust, and not a gift, in favor of the plaintiff father, in a fund secured by a mortgage on the lands held in the name of the son, now deceased.   p. 633.
2. A parol trust must be proven by clear and convincing evidence.   p. 633.
3. An interest in a mortgage is an interest in personalty, and the statute of uses and trusts (secs. 2071 to 2100*b*) has no application thereto.   p. 633.

APPEAL from an order of the county court of Chippewa county: T. J. CONNOR, Judge. *Affirmed.*

Proceedings to establish a trust in favor of the plaintiff in a fund secured by mortgage on real property held in the name of the deceased, a son of plaintiff. The following facts appear without dispute from the record: July 12, 1893, Rachel Ross and her husband deeded a certain piece of land to the deceased for a consideration of $2,000. On May 10, 1919, the deceased gave a land contract on said land to Ove O. Gjerness for a consideration of $4,000. On January 31, 1920, Gjerness gave a land contract on the land to the John Walter Brewing Company for a consideration of $7,501. On January 30, 1922, the deceased gave a warranty deed of the land to Gjerness. On January 31, 1922, Gjerness gave a mortgage on the land to the deceased for $2,200. On January 31, 1922, Gjerness deeded the land to the John Walter Brewing Company. The latter, as a part of the purchase price, assumed the payment of the Gjerness mortgage. At the request of the deceased the mortgage indebtedness was split up into four annual instalments of $500 each and a final instalment of $200, payable on July 1st of each year commencing July 1, 1922. The John Walter Brewing Company thereafter paid two of such $500 instalments with interest to the deceased during his lifetime. After the death of the deceased the Brewing Company paid the next maturing instalment of $500 and interest, amounting in all to $587, to the administrator, and this latter sum is claimed by the plaintiff as his property. It is the contention of the plaintiff that the money that went into this land belonged to him and that the son took title in his own name for convenience, and that the testimony shows that from time to time, as rent was collected from the property in question or as payments were made, the deceased turned the proceeds over to his father, and that having converted the funds into a mortgage indebtedness it has become personal property and a trust therein may be established by parol testimony. It is the contention of the

appellant that the evidence is too weak and unsatisfactory to establish a trust in favor of the plaintiff and therefore the county court erred in making the order in` question, which directed the administrator to keep this fund separate as not belonging to the estate and to turn it over to the plaintiff. From such order the administrator of the estate of the deceased appealed.

For the appellant the cause was submitted on the brief of *Harold E. Stafford* of Chippewa Falls and *Bundy, Beach & Holland* of Eau Claire.

*Dayton E. Cook* of Chippewa Falls, for the respondent.

VINJE, C. J. As stated by the attorney for the appellant, "the sole question for decision is whether the evidence adduced by plaintiff is sufficient to establish the alleged trust." The appellant contends that it fails to do so because it lacks that clear and specific character required to establish a parol trust; that it is altogether too vague and uncertain to satisfactorily show either that the trust was in fact created or intended to be created or what its terms and purposes were and who the intended beneficiary. The following is the principal oral testimony produced on behalf of the plaintiff to show that a trust existed in his favor. The administrator, 'a son of the deceased and a grandson of the plaintiff, testified as follows:

"I knew his [meaning the deceased] making remittances to my grandfather from time to time as he received the principal and interest from the Walter Brewing Company on this indebtedness. I did not get mixed up into it until the last two or three years. I know that since this money was received from the Walter Brewing Company, either principal or interest, it was remitted by my father to my grandfather, George Hart."

James Hart, a brother of deceased and son of the plaintiff, testified as follows:

"Well, it was simply he had the thing and he told me he was taking care of it, and when the store building was sold,

or before it was sold, he was renting it,. and as fast as the rent came due he would go down and collect the rent and send it to my father. He, my father, lived on that for years, and when the property was sold he told me he had the payments strung out so the old man could not get rid of it all at once and he would have enough to live on. I know that he made remittances from the Walter Brewing Company to my father. If father had this property he would get away with things and my brother kept it for him."

He further testified that "Leonard was to take care of the property and handle it for my father and the rent was given to my father. He carried that out as long as he lived."

An officer of the Walter Brewing Company testified as follows:

"The payments were made in the size and at the time and at the request of Dr. Hart. We had a talk with him at that time. We told him that we would rather make the mortgage in one amount and pay it off, but he said 'No.' This is his father's money, and he wanted it in these payments so that his father would not receive over $500 a year to live on. The way he told it to me, if his father got the money at one time he would go through it and would not have any money to live on. We said under those conditions we would accommodate him."

In a letter dated January 10, 1922, the deceased wrote' to his father:

"Inclosed draft for $500. Interest is not due until January 31st, which I will get at that time and forward to you. I would be careful of this money if I were you, especially as to investing in anything."

In a letter dated February 7, 1922, he wrote:

"As to check or draft, the bank is a good place for saving. I am inclosing John Walter & Co. check for interest, that you may know just what I got, also dates for future interest. The next note for $500 will not come due until July, 1924, and the interest on all notes January 31, 1924, so it will be well to guard what you have on hand. If anything should

happen that they paid up before due, will forward same to you when received."

We think that the trial judge correctly found that the fund in question belonged to the plaintiff. The evidence, to our minds, is sufficiently clear and convincing to satisfy the rule of law that a parol trust must be proven by clear and convincing evidence as announced in *Dewey v. Fleischer,* 129 Wis. 591, 109 N. W. 525.

It is argued that the evidence is as consistent with the idea of a gift from the son to the father as with a trust. We do not think so. Both oral testimony and the letters carry to our minds the idea that the father had a right to what the son sent him. There is no suggestion of a charity anywhere in the evidence. An interest in a mortgage is an interest in personalty. *Wis. Cent. R. Co. v. Wis. River L. Co.* 71 Wis. 94, 36 N. W. 837; *Wolf v. Theresa Village M. F. Ins. Co.* 115 Wis. 402, 91 N. W. 1014. And the statute of uses and trusts has no application to trusts in personalty. *McWilliams v. Gough,* 116 Wis. 576, 93 N. W. 550.

*By the Court.*—Order affirmed.