[No. 19502. Department One. January 11, 1926.]

F. J. GUTH, *et al., under the firm name and style of Odessa Hardware & Implement Company, Respondents,* v. FIRST NATIONAL BANK OF ODESSA, *Appellant,* HENRY HEIN, *Respondent.*[1]

[1] CONTRACTS (179)—ACTIONS—EVIDENCE—SUFFICIENCY. Whether a bank promised to pay a debt was a question for the jury, where the positive testimony on one side was directly contradicted by the testimony on the other side.

[2] FRAUDS, STATUTE OF (4)—PROMISE TO ANSWER FOR DEBT OF ANOTHER—ORIGINAL OR COLLATERAL PROMISE. A promise by a bank to pay the debt of a wheat grower, if credit was extended, is not within the statute of frauds, where the bank held a chattel mortgage on the wheat crop and had a direct financial benefit in extending the credit to enable the mortgagor to harvest the crop.

[3] SAME (4). A promise by the mortgagee of a wheat crop to pay a debt of the mortgagor out of the first funds which come into its hands from the crop, is an absolute promise to pay out of certain funds and not within the statute of frauds.

[4] BANKS AND BANKING (38)—NATIONAL BANKS—ACTS ULTRA VIRES—PROMISE TO PAY DEBT OF ANOTHER. A national bank may pledge its credit to pay the debt of another, in consideration of a direct benefit received by it.

[5] TRIAL (93)—INSTRUCTIONS—APPLICATION. TO CASE. Error cannot be assigned upon an instruction that the "sole question" for the jury to determine was whether a contract was entered into as alleged in the complaint, in that two contracts were alleged in

[1]Reported in 242 Pac. 42.

separate causes of action, where the essential features of both contracts were the same, and the jury could not have been misled.

[6] ESTOPPEL (52)—ACCEPTANCE OF BENEFITS. Whether a debtor consented to the payment of his debt by a bank in consideration of an extension of credit, is for the jury, where there was evidence that he was refused credit otherwise, and afterwards accepted the credit.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered April 10, 1925, upon the verdict of a jury in favor of the plaintiff. Affirmed.

*W. M. Nevins,* for appellant.

*W. W. Zent* and *G. E. Lovell,* for respondent.

ASKREN, J.—Plaintiffs brought this action to recover upon two causes of action, and, from judgment entered upon the verdict of the jury in their favor, defendant bank appeals.

The substance of the complaint was that respondent Hein was engaged in the growing of wheat, and that in December, 1922, he was indebted to respondents in the sum of $41.15; that appellant bank held a mortgage on the wheat crop for the year 1923, and that, at a time when respondents were insisting upon payment of the amount due, the bank agreed with respondents that, if they would accept a note from Hein payable in the fall of 1923, the bank would pay such note out of the first moneys which came into its hands from the 1923 wheat crop; that the money from the wheat crop was duly delivered to the bank, and the bank, instead of paying the note, applied it to other purposes.

The second cause of action alleged that, in June, 1923, Hein was indebted to respondents in the sum of $24 for supplies for his farm, and machinery to work the same; that respondents refused further credit, and that the

bank agreed and promised that, if respondents would
extend further credit to Hein, it (the bank) would pay
the amount due out of the wheat crop to fully discharge
the obligation; that further credit was extended until
there was $282.35 due. It was alleged in both causes
of action that the bank held a mortgage upon the crop
in question, and that it was to its direct financial benefit
that this credit be extended so that Hein could harvest
his crop and the money therefrom could be turned over
to the bank.

[1] Upon the trial of the action, the testimony was
conflicting as to the promise of the bank to pay. The
testimony of respondents was that the bank made an
absolute promise, and the testimony of appellant was
to the effect that no promise of any kind was made. It
was for the jury to say what the contract was.

[2] Appellant contends that the debt was Hein's
and the promise to pay was unenforcible under the stat-
ute of frauds because not in writing. We have held,
however, in *Burns v. Bradford-Kennedy Lumber Co.,*
61 Wash. 276, 112 Pac. 359, that ''where the leading
object of the promissor is to subserve some interest or
purpose of his own notwithstanding the effect is to pay
or discharge the debt of another, his promise is not
within the statute.''

[3] In the present case, the testimony of respond-
ents was to the effect that the bank officials said they
would pay the money out of the first funds which came
into its hands from the wheat crop. That the funds
came into the hands of the bank is not disputed. This
was an absolute promise of the bank to pay out of cer-
tain funds. It was not a promise to pay if Hein did not
pay, or a promise to see that Hein would make pay-
ment, but a promise that it would pay. *Wells & Morris
v. Brown,* 67 Wash. 351, 121 Pac. 828; Ann. Cas. 1913D
317; *McKay v. Northern Bank & Trust Co.,* 69 Wash.

186, 124 Pac. 372; *Lovell v. Haye,* 85 Wash. 109, 147 Pac. 632.

[4] It is also urged that the bank, being a national bank, could not pledge its credit under circumstances such as detailed here; that to do so would be beyond its authority and the result would be to impair the bank's standing; but, as we have seen, the facts do not show a case of extending credit, but only a promise of the bank to pay a debt in consideration of a benefit received by it.

[5] It is also urged that the court erred in instructing the jury, wherein the court said that the sole question for the jury to determine was whether or not there was such a contract entered into as was alleged in the amended complaint of the plaintiffs. The objection claimed to this instruction is that, since there were two causes of action and two different conversations in which it was alleged the promise to pay had been made, the jury would understand that they might find on both causes of action, if they found either one of the contracts was entered into. But we think it clearly appears from the entire record that the jury understood that the court meant that each of the promises must be proven to the satisfaction of the jury. The essential features of both agreements or promises were the same so far as the promise to pay at a certain time and out of a certain fund, and we do not think the jury could have been, or were, misled by this statement of the trial court.

[6] It is claimed also that there was no evidence that Hein consented to the arrangement whereby these sums were to be paid by the bank, and that, if the bank had so paid, it would be liable for conversion. There was evidence, however, that Hein went with the respondent to the bank when the first agreement was made. As to the second, there was evidence that Hein

was refused further credit, unless such an agreement could be made. Thereafter he received credit to the sum of $260. The acceptance of the further credit was a sufficient showing of his knowledge, consent and acquiescence.

Finding no error in the record, the judgment is affirmed.

TOLMAN, C. J., HOLCOMB, MITCHELL, and FULLERTON, JJ., concur.