GUTKNECHT, Appellant, vs. MUSCODA STATE BANK, imp., Respondent.

*March 6—April 3, 1928.*

*Frauds, statute of: Moneys paid to mortgagee to be applied on prior incumbrances: Trusts: Definiteness and certainty.*

1. An agreement whereby a bank, holding a third mortgage on property, agreed to apply payments made to it by the mortgagor to taxes and interest on prior mortgages, is not a special promise by the bank to pay the debt of the mortgagor, within the meaning of sub. (2), sec. 241.02, Stats., requiring such agreements to be in writing, but constituted a trust obligation as between the holder of prior mortgages, the bank, and the mortgagor, requiring a disposition of the money received pursuant to the terms of the agreement. p. 479.

2. The agreement disclosed by the evidence is sufficiently definite to establish a trust arrangement within the rule requiring certainty as to the creation and terms of a trust.  p. 481.

APPEAL from a judgment of the county court of Iowa county: ALDRO JENKS, Judge.  *Reversed.*

Plaintiff brought this action April 15, 1927, to foreclose a mortgage against the defendants Hugo Sorge and Ellen M. Sorge, his wife, and to recover from the *Muscoda State Bank* certain sums of money.  A default foreclosure judgment was granted on the trial, June 11th, against the defendants Hugo Sorge and Ellen M. Sorge, and the action was dismissed as against the bank by judgment of August 9, 1927, and from the latter part plaintiff appeals.

*Thomas W. King* of Spring Green, for the appellant.

*R. M. Orchard* of Lancaster, for the respondent.

ESCHWEILER, J.   In February, 1925, plaintiff held a first and second mortgage, the two aggregating about $10,400, against the farm belonging to the defendants Sorge, and the defendant bank held a third mortgage for about $1,200, and plaintiff then purposed foreclosing.  An oral agreement was then made by all the parties concerned under which plaintiff took a new mortgage for $10,400 and withheld the threatened foreclosure; the Sorges were to remain in possession; they were to deposit at least fifty per cent. of the income from the farm with the defendant bank, which was to hold such deposits in trust to be applied, first, on the payment of taxes; second, for the accruing interest to plaintiff; any balance to be applied by the bank on the interest and principal of the obligation due it; such arrangement was to continue from year to year, provided that if at the end of any current year the bank was not satisfied therewith it should so notify the plaintiff and the defendants Sorge, and in such event plaintiff should proceed to take the real estate under his mortgage and the defendant bank the personal property under a chattel mortgage.

Gutknecht v. Muscoda State Bank, 195 Wis. 477.

In accordance with such agreement deposits by the defendants Sorge were made during the year first following and the bank paid therefrom the taxes and plaintiff's interest. The bank then expressed its satisfaction to the plaintiff with such arrangement and declared its purpose to so continue for another year. Though the bank received during the following year from the defendant Sorge an amount in excess of the taxes and plaintiff's interest, it made no payments on account of either of such items, and gave no notice to the plaintiff of its intended refusal to comply with the said agreement until after the expiration of the second year.

The action was dismissed as to the defendant bank upon the ground presented by its verified answer alleging that the oral promise aforesaid, if any such were made, was a special promise by the bank to pay the debt of Sorge and was not in writing and subscribed by it. Although not specifically mentioned in the answer of the bank, yet it, and the trial court by its dismissal as to the bank, relied upon sec. 241.02 (2), Stats., which provides in substance, that—

"Every special promise to answer for the debt, default or miscarriage of another person, shall be void unless such agreement, or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party charged therewith."

That statute, however, is not applicable, and the facts disclosed do not support the part of the judgment before us on this appeal.

The substance of the agreement between the interested parties was not that the bank was to pay with its own money the debt of the defendant Sorge to the plaintiff. It was clearly an agreement by which the bank, upon receiving money from the Sorges for such express purpose, was to apply it for the payment of taxes and the interest accruing to plaintiff. While it is true that the Sorges were under the primary obligation to pay the same taxes and interest, they

were, in effect, doing so by turning over money dedicated to that purpose to the bank, which lawfully and properly could assume possession and control of such moneys for that purpose alone and no other. Under no proper theory can it be said that the money the bank so received became its money free of any trust obligation as between the plaintiff itself and the Sorges. It was not paid by Sorge to the bank as on account of the obligations Sorge was under to the bank as its debtor, but for the declared and only purpose of being administered as a trust fund by the bank in the payment of obligations paramount and superior to those that the bank itself held. Having received the money for such express purpose and no other, it cannot and ought not to be heard to deny such trust relationship or be heard to claim as its own, as against Sorge, or as against the plaintiff, who, in reliance upon the bank's assurance, withheld his right to proceed to foreclose on his mortgages or to impound the income that was being thus paid to the bank.

The authorities are clear and numerous to the doctrine applicable here, namely, that a person situated as was the bank, receiving money from another, such as Sorge, for the express purpose of paying Sorge's debt to plaintiff, is not making itself or its own funds or property responsible in any wise for the debt, default, or miscarriage of Sorge within the intent and meaning of sec. 241.02 (2), *supra*. *Emerick v. Sanders,* 1 Wis. 77; *Putney v. Farnham,* 27 Wis. 187; *Hoile v. Bailey,* 58 Wis. 434, 17 N. W. 322; *O'Neil v. Russell,* 192 Wis. 141, 212 N. W. 278; 27 Corp. Jur. 136; 25 Ruling Case Law, 504.

Many other cases are to be found: *Holmes v. Hughes,* 26 Ariz. 413, 418, 226 Pac. 424; *Burson v. Bogart,* 49 Colo. 410, 412, 113 Pac. 516; *People's State Sav. Bank v. Cross,* 197 Iowa, 750, 754, 198 N. W. 70; *Watson v. Perrigo,* 87 Me. 202, 32 Atl. 876; *Oleson v. Oleson,* 90 Neb. 738, 740,

134 N. W. 648; *Pocket v. Almon,* 90 Vt. 10, 14, 96 Atl. 421; *Guth v. First Nat. Bank,* 137 Wash. 280, 282, 242 Pac. 42.

The findings in this case on the agreement between the parties as to the use to be made of the funds to be paid by Sorge and received by the bank very clearly, definitely, and satisfactorily establish a trust arrangement between the parties and are amply sufficient to satisfy the rule requiring certainty as to its creation and terms. *Estate of Hart,* 187 Wis. 629, 631, 205 N. W. 386.

The plaintiff therefore was entitled to recover from the defendant bank as out of the fund that it concededly had for that purpose the amount of the taxes and interest for the year in question.

*By the Court.*—The part of the judgment appealed from is reversed, and cause remanded with directions to award plaintiff the relief demanded.