GREENE, Appellant, vs. AGNEW, Respondent.

*February 11—March 2, 1915.*

*Brokers: Authority to sell lots without restriction: Evidence: Competency: Cross-examination of party: Appeal: Harmless errors.*

1. In an action to recover compensation for the procuring of a purchaser for certain lots, the question being whether the oral agreement between the parties authorized plaintiff to sell the lots without restrictions, a deed given by defendant a few weeks later, conveying the lots without restrictions, was not competent evidence to show the terms of said agreement.
2. Plaintiff should in such case have been permitted to cross-examine defendant respecting such sale made by defendant without restrictions; but since the evidence clearly preponderates to support the verdict in defendant's favor, and no probability appears that, had the cross-examination been permitted, the result would have been different, the error cannot be held prejudicial.
3. Upon cross-examination of a party a wide scope of inquiry, in subjects related to the matter at issue, is to be allowed for testing his credibility and the weight of his evidence.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

This is an action to recover compensation for services rendered by the plaintiff for the defendant in an alleged sale of real property belonging to the defendant.

It appears that about February 1, 1911, the parties entered into an agreement whereby the plaintiff was to sell defendant's four lots for $3,500. About ten days after this agreement was made the plaintiff's brother was approached by one Pera, who wished to buy the lots, and asked if they would be

conveyed without restrictions. Upon a reply in the affirmative he immediately went to the office of one Schroeder to realize upon some bonds to secure the purchase price. The price agreed upon was $4,850. Schroeder told Pera that the lots could not be purchased without restrictions. Schroeder immediately notified defendant that plaintiff was offering the lots for sale without restrictions. Defendant informed the plaintiff at once that he was not authorized to sell them unrestricted. Plaintiff thereafter accepted a part of the purchase price and turned it over to defendant, stating that he expected the defendant to convey and that the balance of the purchase price would be paid upon presentation of a warranty deed and abstract showing title free.

At the trial the defendant testified that the agreement with the plaintiff was that the plaintiff could not sell the lots without restrictions. The plaintiff testified that there was no restriction whatever placed upon the sale of the lots at the time of making this agreement. The plaintiff made an effort to introduce in evidence a deed of the lots, without any restrictions, by the defendant to a third party, made about March 20, 1911. The court refused to admit this evidence, and upon objection refused to permit plaintiff to cross-examine defendant respecting defendant's sale of the lots about March 20, 1911, following the plaintiff's sale thereof in February and as to the facts and circumstances of defendant's arrangements with adjoining property owners respecting sales of lots with or without restrictions. The case was submitted to a jury who found for the defendant.

The circuit court granted the motion of the defendant for judgment on the special verdict and denied the motion of plaintiff to set aside the verdict and awarded judgment in favor of the defendant with costs. From such judgment this appeal is taken.

For the appellant there was a brief by *Rix & Barney,* and oral argument by *Carl B. Rix.*

For the respondent there was a brief by *Chas. T. Hickox,* counsel, and oral argument by *Mr. Hickox* and *Mr. Christian Doerfler.*

SIEBECKER, J.   The issue presented between the parties was submitted to the jury by the inquiry, "Was it understood by and between the defendant and plaintiff, at the time defendant authorized the plaintiff to sell the property in question, that the plaintiff was to sell the property without restriction?"   The jury answered in the negative.   The defendant demanded a new trial on the ground that the court erred in excluding evidence and in unduly restricting cross-examination of the defendant.   The contract between the parties upon which the plaintiff declares was an oral one and was testified to by plaintiff and defendant only.   Their evidence of the contract is in direct conflict, plaintiff asserting that it was agreed that he could sell defendant's lots without restrictions at an agreed price of $3,500 and defendant asserting that plaintiff was authorized to sell the lots at that price with restrictions.   As part of his case plaintiff offered in evidence a deed by defendant dated March 20, 1911, conveying the lots in question without restrictions.   The court excluded this evidence on the theory that it was not material and competent evidence to show the terms of the agreement the parties made the preceding February 1st.   We are of the opinion that the court properly excluded it as affirmative evidence by the plaintiff to establish the terms of the contract in question. The defendant had the right to change his plan of sale of these lots and was at liberty at any time to sell them with or without restrictions.   Under these circumstances the sale subsequent to making the agreement with plaintiff may have been made because he deemed it proper to abandon selling with restrictions, though he insisted on restrictions when the plaintiff was authorized to sell them.   To permit this deed as evidence to show what defendant agreed to with plaintiff

would afford the means by which defendant's right to change the terms of the sale of the lots would destroy the very right itself. Such results are not permitted. In this sense the evidence offered by the plaintiff was too remote and incompetent.

It is also contended that the court erred in denying plaintiff the right to cross-examine defendant respecting the sale of these lots within a few weeks after having made the contract with the plaintiff. The purpose of such cross-examination was evidently to elicit the facts and circumstances which might explain defendant's change of attitude in regard to the selling of the lots without restrictions. The right of cross-examination of a party to an action is not to be restricted to narrow limits; a wide scope of inquiry, in subjects related to the matter at issue, is to be allowed for testing his credibility and the weight of his evidence. We think the court unduly restricted cross-examination of defendant in the respects complained of. The plaintiff should have been permitted to examine him on the subject suggested. His answers would have been final, and explanation or contradiction would not have been permitted on rebuttal. We are however led to the belief that the error of the trial court was not prejudicial and that the court properly denied plaintiff's motion for a new trial. The facts and circumstances adduced as evidence on the trial clearly preponderate to support the jury's verdict, and it does not appear from the record before us that had this error not been committed a different result would have followed. The ruling of the trial court denying a new trial must stand.

*By the Court.*—The judgment appealed from is affirmed.