WILLE, Plaintiff in error, vs. STATE EX REL. KESSLER, Defendant in error.

*January 15—February 8, 1927.*

*Bastards: Evidence: Sufficiency: Instructions as to burden of proof: Use of word "until" instead of "unless."*

1. Evidence of the relations between the prosecutrix and the defendant, charged with being the father of her illegitimate child, is *held* to present a jury question as to whether defendant was the father of the illegitimate child born to prosecutrix. p. 225.

2. In an action for bastardy, error in using the word "until" instead of the word "unless," in an instruction stating that defendant is presumed innocent *until* the contrary is proved, is *held* not to be prejudicial in view of the persuasive proof of defendant's guilt. p. 226.

ERROR to review a judgment of the civil court of Milwaukee county: A. J. HEDDING, Judge.  *Affirmed.*

Plaintiff in error, hereinafter called the defendant, was convicted of being the father of an illegitimate child born to *Barbara Kessler,* an unmarried female twenty-nine years old. To test the validity of his conviction he sued out a writ of error.

*Sydney C. Charney* of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, Eugene Wengert,* district attorney of Milwaukee county, and *C. Stanley Perry,* assistant district attorney, and oral argument by *Mr. Perry.*

VINJE, C. J.   Error is alleged because the evidence does not sustain the conviction.   It appears without dispute that the defendant had known *Miss Kessler* for a period of about seven years, and she testified that she had had sexual relations with him during most of that time; that he kept company with her twice a week during that time; that he sometimes stayed over night at her home; and that she had the last sexual intercourse with him on New Year's day 1925; that she told him she was in the family way, and that he took her to a doctor.   She also testified that she had never had sexual intercourse with any other man.   The child was full term and was born alive October 4, 1925.   The defendant admitted keeping company with *Miss Kessler;* that he took her to a doctor, but denied that he had any sexual intercourse with her on New Year's day or eve.   He declined to testify whether he had ever had sexual intercourse with her, on the ground that a truthful answer would tend to incriminate him. He admitted he had kissed her.   This is the substance of the testimony.   It presented a jury issue, and the verdict cannot be set aside on the ground of lack of evidence to convict.

The jury evidently believed *Miss Kessler,* and we see no reason why they should not do so.

Error is assigned on this instruction:

"In a bastardy case the defendant is presumed to be innocent until the contrary is proved. If you have a reasonable doubt of the guilt of the defendant, it will be your duty to render a verdict of not guilty; but if you believe the testimony of the complainant, and her statement that she did not have intercourse with any other men at or about the time of her conception, and that it is proven beyond a reasonable doubt that the defendant is the father of the child, then it will be your duty to render a verdict of guilty."

It is claimed the instruction should have read, "the defendant is presumed to be innocent *unless* the contrary is proved," and *Windahl v. State,* 189 Wis. 424, 207 N. W. 694, and *Riley v. State,* 187 Wis. 156, 203 N. W. 767, are relied upon to sustain the claim. The instruction was erroneous, but we had occasion in the case of *Cobb v. State,* 191 Wis. 652, 211 N. W. 785, to pass upon a similar charge, and we held it non-prejudicial error. In view of the persuasive proof of guilt it must be so held to be in this case. No other assignments of error are deemed worthy of treatment.

*By the Court.*—Judgment affirmed.