Estate of Woehler: Roethke and another, Appellants, vs. Woehler, Executor, Respondent.

*May 8—June 18, 1928.*

For the appellant Roethke there was a brief by *Reilly & O'Brien* of Fond du Lac and *W. D. Thompson* of Racine, and oral argument by *M. K. Reilly.*

For the respondent executor there was a brief by *Albert H. Krugmeier* and *Joseph Witmer,* both of Appleton, and oral argument by *Mr. Witmer.*

STEVENS, J. The case presents the question whether the proof is sufficient to create a trust in the property of the wife for the benefit of these two petitioners.

The fact that this petition was not presented until after the time for filing claims had expired does not bar relief, if the proof is sufficient to establish the creation of a trust. *Estate of Horkan,* 193 Wis. 286, 290, 214 N. W. 438. Nor is there any question that a trust in personal property

can be created by parol, provided that the evidence to establish it be clear and convincing. *Dupont v. Jonet,* 165 Wis. 554, 558, 162 N. W. 664.

The proof does not establish that the deceased wife set aside any particular property which was to be held in trust. Nor did she say that any particular fund was to be kept intact for the benefit of these petitioners. On the contrary the wife directed the destruction of the will because she thought that her husband was going to live longer than she and that he might need to use her money in his lifetime. The husband could have used the corpus of the wife's estate without violating any trust or any duty which he owed to these petitioners. The language used was appropriate to express the wish that, if the deceased had any of the property that came from his wife left at the time of his death, he should give it to these petitioners. The evidence comes far short of the clear and convincing proof that is essential to create a trust by parol.

The fact that the provisions of·the will of the deceased, executed before the death of his wife, made more generous provision for the benefit of these petitioners than that contained in the will of the wife, shows that the deceased did not intend to deal unjustly with these petitioners.

The case is distinguished from such decisions as *Tyler v. Stitt,* 132 Wis. 656, 112 N. W. 1091, by the fact that specific property was there designated which was to pass to the beneficiary, with no right on the part of the trustee to use any of the corpus. Here the right to exhaust the corpus of the wife's estate, if necessary, was expressly given to the deceased at the time the wife's will was destroyed. Such power is wholly inconsistent with the creation of a trust in the funds which had belonged to the deceased wife.

*By the Court.*—Judgment affirmed.

ESCHWEILER, J. (*dissenting*). Because I am convinced that a clear, definite, and express trust declared by Mrs. Woehler, recognized and assumed by her now deceased husband, has been thwarted, I must dissent in this case.

In 1920 Mrs. Woehler received some $6,000 from the estate of her father, the late Judge Goodland, this being substantially all of her separate estate. In 1921 she made her will providing for a gift of $5,000 to the appellant, Doris Goodland Roethke, who, since infancy, had been raised as though a child of Mr. and Mrs. Woehler, they having none of their own, and $1,000 for her sister, Edith Goodland Bartlett. The deceased husband knew of the contents of this will. In May, 1924, Mr. Woehler made his will providing for the income on $15,000 for the appellant and $1,000 for said Edith, the principal sum to be paid over in each case only on each reaching the age of fifty-five. In January, 1925, Mrs. Woehler invested $5,000 in a certain lot of bonds and about $1,000 in April for a bond of the Dodge Brothers. The deceased, knowing of the then existing provision in his own will for the two named persons, nevertheless clearly and expressly agreed to carry out the wishes of his wife as to her little property, she then apparently on her deathbed.

It is of course true that he had the right under the express wishes of his wife to use such $6,000 for his own purposes if needed, but in fact he did not need it and it remained intact, and such bonds, so received from his wife, are specifically included in the inventory of his estate.

Not having exercised the right his dying wife intended that he might, of subjecting such property to his needs, such restriction or condition so placed upon this particular property was clearly gone at the time of his death. He made no specific bequest of this property by any codicil to his will, so that there was, by him, no express act in repudiation of

the solemn promise made by him to his dying wife that her purpose and intent as to this property should be carried out for the two in whose welfare both husband and wife were so interested.

There was here a clear, definite, oral trust, accepted by the deceased, concerning specific property then and thereafter in existence in its specific form and possible of identification.

I can see no grounds upon which a court should deny its recognition.