VOGEL, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 7—March 3, 1936.*

*Samuel E. Gross* of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, *William A. Zabel,* district attorney of Milwaukee county, *Harold A. Lenicheck,* assistant district attorney, and oral argument by *Mr. Lenicheck.*

FRITZ, J. Defendant contends that the court erred in sustaining a verdict of guilty, and in refusing to grant a new trial, although it had erred in charging the jury as to the presumption of innocence. On that subject, the court instructed the jury that: "In an action brought to establish paternity of an illegitimate child, the defendant is presumed innocent *until* the contrary is proved." The use of the word "until" in that instruction clearly constitutes error for the reasons stated in *Roen v. State,* 182 Wis. 515, 196 N. W. 825; *Riley v. State,* 187 Wis. 156, 203 N. W. 767; *Cobb v. State,* 191 Wis. 652, 211 N. W. 785; *Wille v. State ex rel. Kessler,* 192 Wis. 224, 212 N. W. 260; *Nelson v. State,* 210 Wis. 441, 245 N. W. 676. No instruction correcting that error or otherwise charging the jury more fully as to presumption of innocence was given by the court. Consequently, although the court otherwise duly instructed that guilt could not be found unless it was proven beyond a reasonable doubt that defendant was the father of the child, we cannot conclude, as was done in *Cobb v. State, supra* (in which the court otherwise fully and correctly instructed as to the presumption of innocence), that the jury could not have been misled in view of the instructions in their entirety. However, the established rule in this state is that, although such an instruction is error, it will not be considered so prejudicial as to necessitate a reversal of the judgment, if proof of guilt is persuasively established. But if, on the other hand, the proof is not persuasive, then such an erroneous instruction may be held to constitute prejudicial and reversible error. *Nelson v. State, supra; Wille v. State ex rel. Kessler, supra; Riley v. State, supra; Roen v. State, supra.* In view of that rule, the ultimate and controlling issue on this appeal is whether or not guilt is persuasively established by credible evidence.

Undisputed evidence established that the complainant was twenty-one years of age and unmarried; that on May 2,

1933, after an apparently normal period of gestation, she gave birth to a child; that her last menstrual period began July 16, 1932; and that the child was probably conceived as the result of intercourse in July or August, 1932. Complainant lived with her parents in the Franklyn Arms apartment building in July and August, 1932, and until January 6, 1933, and in the Kalt apartment building from January 6, 1933, until four days before her child was born. Her father was janitor of those buildings while residing in them. She assisted him in cleaning, and also did some work for some of the apartment tenants.

The defendant, a married man, forty years of age, and a painter by trade, also resided with his wife and infant child in the Franklyn Arms apartment in 1932. He did some painting there in part payment of his rent, and also assisted complainant's father in other respects. Subsequently, he and his family also moved to the Kalt apartments, and he likewise did painting there in part payment of his rent, and otherwise assisted complainant's father. Prior to, as well as after August, 1932, and until May, 1933, complainant was frequently employed by defendant's wife, who was engaged in teaching school, to take care of their child in defendant's apartment.

Complainant testified that, while she was cleaning a corridor of the apartment building during the first week in August, 1932, the defendant invited her into his apartment for some root beer; that when she was going to the kitchen, he forced her into a bedroom; that there she yielded to intercourse; and that that was the only occasion on which she had intercourse with him. The only circumstances in corroboration of that testimony are that the complainant did give birth to a child on May 2, 1933, and it is undisputed that she and the defendant were frequently in his apartment when his wife was engaged in teaching school and the complainant was taking care of their child, and also when she cleaned

there while his wife was away on a vacation of five weeks in July and August, 1932.

On the other hand, the defendant denied ever having intercourse with the complainant, and considerable doubt as to the truth of her story arises because of evidence to the following effect: It is undisputed that, although she knew of her pregnancy in September, 1932, and saw the defendant almost daily in the apartment buildings in which they resided, and even took care of his child in his apartment when he was there on many days between September, 1932, and April, 1933, she never spoke to him about her pregnancy, or accused him of being the father of her child; that he first learned of that charge upon his arrest under process issued in this action a month after the child's birth; and that, likewise, she had never told her father or stepmother of her pregnancy or that she had had intercourse with defendant. On the other hand, she admitted accompanying William S. White, a brother of defendant's wife to a private house and remaining there at an all-night drinking party, which became so boisterous that a police squad car was called to suppress the disturbance; and that she had been in an upstairs bedroom that night with White and others, while he was sick. She denied, however, his testimony that she had had intercourse with him that night, and testified that she was never alone with him in that room. But, in connection with that denial, she testified positively, but erroneously, on the preliminary examination and also on a former trial of the action, that that party was held in June, 1932. Her testimony in that respect was conclusively proven to be false by the record of the police officers in the squad car, which established that the party at which the disturbance occurred was held on July 23, 1932. That error of a month in the complainant's repeated testimony as to the date of that party was of special significance, because the month of June, in which

she tried to place the party, was the month prior to the period in which the child was probably conceived; but July 23d, the actual date of the party, was within the range of the normal nine-month period, and was also immediately after her last prior menstrual period. In addition, on the last trial, she also contradicted testimony, which she had given at the preliminary examination, and again at the first trial, that she had finished scrubbing and cleaning in a Mr. Bing's apartment on an occasion when the defendant saw her there in July, 1932. He testified that, when he entered with a passkey to make an inspection in order to do some painting, he found her and Bing sitting on a davenport; and that her face was flushed and her hair mussed up somewhat. On the last trial she changed her testimony by stating that she was still engaged in scrubbing when the defendant entered that apartment.

In view of all of those facts and circumstances, including the conflicts in her own testimony, which is but scantily corroborated, the meager proof that the defendant is the father of her child is rendered so unpersuasive that the error in the instruction on the important subject of the presumption of innocence cannot be disregarded. Therefore, under the rule stated above, the error must be deemed prejudicial, and a new trial must be ordered.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter an order granting a new trial.