HARTMAN, Administrator, and others, Plaintiffs and Respondents, vs. LOVERUD and others, Defendants and Respondents: MASTED and another, Defendants and Appellants.

*January 11—February 15, 1938.*

*Alvin M. Loverud* of Stoughton, for the appellant N. A. Nyhagen.

For the respondent E. K. Loverud there was a brief by *Bagley, Spohn, Ross & Stevens* of Madison, and oral argument by *Myron H. Stevens.*

For the respondent C. H. Crownhart, Jr., there was a brief by *Crownhart & Murphy,* attorneys, and *F. C. Grandy* of counsel, all of Madison.

For the remaining respondents there was a brief by *L. A. Jayne* of Freeport, Illinois, and *Fred L. Holmes* of Madison, attorneys for the plaintiffs; *William Schneider* of Stoughton, attorney for Arthur Schneider; *W. L. Woodward* of Madison, attorney for Mable Grahn; and *F. D. Shuttleworth* of Madison, attorney for the Madison Trust Company, and oral argument by *Mr. Jayne* and *Mr. Holmes.*

FOWLER, J.   The claim of appellants is that Mrs. Clancey created by parol a trust, of which Mr. Loverud was trustee, for the benefit of Johanna Masted and Mrs. Dearborn, and that the $4,000 trust fund must be paid over to Johanna Masted and the estate of Mrs. Dearborn.

Mr. Loverud testified that on April 7, 1930, Mrs. Clancey delivered to him a $7,500 mortgage and mortgage note, that they thereafter remained in his possession until they were fully paid, and that all but $4,000 of the avails were paid to Mrs. Clancey in part prior to her death and in part into her estate.   He further testified that at the time of the delivery

of the note and mortgage he gave his receipt therefor to Mrs. Clancey and retained in his possession a carbon copy thereof. The original receipt could not be found and the carbon copy was received in evidence. The copy recites in detail the terms of the·trust as claimed by the appellants. Respecting this receipt the trial court expressly found that "according to the testimony of E. K. Loverud, unsupported by other evidence," the $7,500 note and mortgage were on April 7, 1930, delivered by Mrs. Clancey "into the possession of the defendant E. K. Loverud, simultaneously, and as a part of the same transaction, with the delivery of the receipt . . . [above referred to] and that thereafter the said Enger [$7,500] note and mortgage were continuously in the exclusive possession and control of the said E. K. Loverud," and "that, according to the testimony of E. K. Loverud, unsupported by other evidence, the receipt . . . was prepared and signed by E. K. Loverud in duplicate, and that the receipt in evidence is the carbon duplicate so executed·by the said E. K. Loverud, and retained and kept by him with·said Enger note and mortgage."

The trial court held that a trust was not created by Mrs. Clancey. It so held upon the theory that a trust should not be held created upon the testimony of the trustee without some writing signed by the creator of the trust, or other evidence tending to show its creation corroborating the testimony of the trustee who testified to the facts showing its creation.

In so holding the trial court was in error. Section 39 of the Restatement of the Law of Trusts states the rule as follows: "Except as otherwise provided by statute, an enforceable trust can be created without a writing." There is no statute in Wisconsin otherwise providing. The rule is upon authority unquestionably as so stated. *Miller v. Thatcher*, 9 Tex. 482, 60 Am. Dec. 172, is cited by respondents to the

point that a parol trust cannot be established on the testimony of a single witness, but it has been expressly overruled. See *Graves v. Graves* (Tex. Civ. App.), 232 S. W. 543; *Ellerd v. Ellison* (Tex. Civ. App.), 165 S. W. 876; *Ingenhuett v. Hunt,* 15 Tex. Civ. App. 248, 39 S. W. 310. The decisions of this court recognize the rule as stated in the Restatement. *Dupont v. Jonet,* 165 Wis. 554, 162 N. W. 664; *Estate of Hart,* 187 Wis. 629, 205 N. W. 386; *Estate of Woehler,* 196 Wis. 301, 220 N. W. 379. They hold that to warrant establishing a trust created by parol the testimony must be clear and convincing. For want of testimony of such nature, alleged trusts have been held not created in many cases. It was so held in the case last above cited. But such decisions do not repudiate the rule. They only repudiate the evidence in the case decided.

Upon the stipulated facts and the testimony of Mr. Loverud, if his testimony was believed by the trial judge, a trust was created by parol as claimed. The trust can be defeated only on the hypothesis that Mr. Loverud's testimony was not believed by the trial judge. Under familiar rule, if the trial judge had considered the testimony of Mr. Loverud unworthy of credence, and had found as a fact that the trust was not established, and let it go at that, we would perhaps be required to sustain his finding and judgment, although the appellants claim that as Mr. Loverud's testimony is not inherently weak or unreasonable and is not disputed the court could not deny it credence, under the rule of *Quass v. Milwaukee G. L. Co.* 168 Wis. 575, 170 N. W. 942, and the cases therein cited, and of *Geuder, Paeschke & Frey Co. v. Milwaukee,* 147 Wis. 491, 133 N. W. 835, and *Harrigan v. Gilchrist,* 121 Wis. 127, 99 N. W. 909. But the trial judge did not do so. He expressly stated in a written opinion filed that a strong case was made of creation of a trust by Mrs. Clancey such as Mr. Loverud testified she actually

did create. He did not find that the facts are not as testified by Mr. Loverud. Neither did he find that the facts were as Mr. Loverud testified. In this situation the judgment should be reversed and a new trial ordered.

*By the Court.*—The judgment of the circuit court is reversed with directions for a new trial.