STATE, Respondent, vs. WILLING, Appellant.

*May 11—June 15, 1951.*

For the appellant there was a brief by *Thronson, Roethe & Agnew* of Janesville, and oral argument by *John Roethe.*

For the respondent there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and

Frank X. Kinast, district attorney of Rock county, and oral argument by Mr. Platz and Mr. Kinast.

BROWN, J.   The complaining witness, Miss Gilbert, testified that she and Willing, with another couple, attended the Janesville high school junior prom.   They rode in the automobile of the other young man.   After the dance they drove to Lake Geneva where they stopped briefly and from there to Milwaukee where they ate a meal and then returned to Janesville. She testified that while traveling to Milwaukee and while the car was in motion she and Willing had sexual intercourse on the back seat of the auto.   She says she never had intercourse with anyone at any other time.   Almost exactly nine months later a baby was born to her.

The appellant testified that he had never had intercourse with Miss Gilbert and, in particular, that on the trip from Lake Geneva to Milwaukee he drove the car.   The two other occupants of the car testified that he was the driver as he claimed, that they would have known if an act of intercourse had taken place, and that none did.   There was impeaching testimony that one of these witnesses had previously said that Willing drove a short distance out of Lake Geneva and then he and Miss Gilbert changed into the back seat.   Concerning the intercourse the testimony is similar to that in State v. Van Patten (1940), 236 Wis. 186, 294 N. W. 560, where a third party in the automobile corroborated the defendant's claim of no intercourse.   We held there that the evidence presented an issue for the jury but reversed and directed a new trial for other reasons.

Appellant submits that so many improbabilities attach to Miss Gilbert's testimony that on the main point she is unworthy of belief.   An analysis of the evidence shows only one serious improbability.   If the jury could and did settle that in her favor the others become natural and believable.   The key improbability relied on is Miss Gilbert's testimony that

she did not know she was pregnant until she was told so after the birth of the baby. She was then nineteen years old. She had previously suffered from adhesions and a kidney ailment and thought she might have a tumor. She consulted no doctor during gestation. During the whole time she carried the child she wore her usual clothes. She worked until the day before the birth. There was no testimony that she ever admitted to anyone that she knew that she was pregnant. She was taken to the hospital in labor by her mother and the baby was born while she was still in a wheel chair. The attending doctor had never seen her before. At the trial he testified that it is possible for a nineteen-year-old girl to mistake pregnancy for another ailment up to the date of delivery, and in his own practice he had seen, roughly, three cases where the mother did not know she was pregnant until the day the child was delivered. It was competent for the jury to believe the doctor and to believe Miss Gilbert on this issue. If they did so, Miss Gilbert's failure to accuse Willing of being the father and her failure to discuss her condition with him until after the birth are of no consequence. They rather tend to support her contention that she was ignorant of her condition.

In the *Van Patten Case, supra,* where the complainant knew of her pregnancy, the failure to communicate with the alleged father was significant, but even there we sent it back for a new trial, instead of reversing it with directions to dismiss the complaint, because we recognized that the evidence presented an issue for the jury. We think the instant action is a clearer case for the jury than that one. Unlike the *Van Patten Case,* only the jury's determination of the issue of fact is involved in this appeal. The jury had the witnesses before it and could appraise their credibility by their appearance and manner of testifying, as we cannot from the printed record. Miss Gilbert's story could be true. The jury found that it was and the finding lay in the province of the jury.

*By the Court.*—Judgment affirmed.