STATE EX REL. KURTZ, Respondent, v. KNUTSON, Appellant.

*November 7—December 2, 1958.*

For the appellant there was a brief by *Darrell MacIntyre* and *George E. Hass,* both of Madison, attorneys, and *James R. Schipper* of Viroqua of counsel, and oral argument by *Mr. MacIntyre* and *Mr. Schipper.*

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and *Larry A. Sieger,* district attorney of Vernon county, and oral argument by *Mr. Platz* and *Mr. Sieger.*

BROADFOOT, J.   The defendant first contends that the evidence presented by the plaintiff was insufficient to sustain the verdict.

The complaining witness testified to but one act of sexual intercourse with the defendant, and that the date was either March 28, 1956, or April 4, 1956, the night being identified as on a Wednesday because fights were shown on television. She further testified that the defendant called for her at her home in Viroqua soon after the fight started; that he took her out in a car and that the act of intercourse took place outside of the city but in Vernon county; that she did not have intercourse with any man other than the defendant during March or April, 1956.

The complainant was nineteen years of age at the time and had never been married up to the time of the trial in October, 1957.  In 1956 she resided with her mother, a brother, and three sisters.  Her father was in the armed services at that time.

Her mother testified that she returned to the home one evening during the latter part of March or the first part of April in 1956; that the defendant was at the home, and that

he and the complaining witness left sometime between 9 and 9:30 in the evening. She could not state the exact date or that it was on a Wednesday evening. She further testified that after she learned that her daughter was pregnant she wrote a letter to the defendant and he came and talked to her; that during that conversation the defendant stated he had had intercourse with the complainant.

The defendant denied that he had ever had intercourse with the complaining witness, although he did not deny the conversation with her mother. He offered testimony that he was in Janesville on the evening of March 28th and also on the evening of April 4th. Other witnesses from Janesville testified that on both evenings he was in a tavern in Janesville watching the fights on television. He offered in evidence a copy of the Janesville Daily Gazette dated March 28, 1956, showing a bad storm in the early hours of that date. He also introduced in evidence a card issued by the Wisconsin state employment service office at Janesville showing that he had reported for employment both on March 29 and April 5, 1956.

In illegitimacy proceedings the testimony of the complaining witness that she had timely intercourse with the defendant and that she had none with anyone else is sufficient to support a verdict that the defendant is the father of her child, if the jury believed it. *Wille v. State ex rel. Kessler,* 192 Wis. 224, 212 N. W. 260; *State v. Willing,* 259 Wis. 395, 48 N. W. (2d) 236. In addition thereto, the jury in this case had before it the testimony of the mother of the complainant.

One paragraph of the court's instructions to the jury was as follows:

"In determining the issue submitted to you in this case, you should scrutinize the evidence with the utmost care and caution, bringing to that duty all the reason and prudence which you would exercise in the most important affairs of

your life; in fact, all the care, caution, and discrimination you possess, and if, after such scrutiny of the evidence, you entertain a reasonable doubt as to the guilt of the defendant, it is your duty to acquit the defendant. In the law, this defendant is presumed to be innocent and this presumption attends throughout the trial and prevails at its close, unless overcome by testimony which satisfies the jury that the defendant is guilty beyond a reasonable doubt."

The defendant complains of that instruction and contends that it was erroneous. His argument, taken from his brief, is as follows:

"Instruction should have defined and evaluated the alibi testimony as a defense and that 'it is sufficient to require acquittal if the jury, from a consideration of all the evidence, have a reasonable doubt of the presence of the accused at the place and time of the alleged sexual intercourse, whether such doubt be from lack of proof on the part of the state, or from the evidence produced in behalf of the accused.' "

We have read the entire instructions of the court and find that the defendant's contention is without merit. The state admits that there was error in the instruction but contends that it was in favor of the defendant. The state refers to sec. 52.355, Stats., enacted in 1957 prior to the trial of this action. Under the new statute the complainant has the burden of proving the issue involved in illegitimacy proceedings by clear and satisfactory evidence, which is less than proof beyond a reasonable doubt required in criminal cases. It is contended that this statute being remedial and procedural was applicable in the trial of this action.

Regardless of the contention of the state there was no error in the instructions prejudicial to the defendant. No other or further instruction was requested by the defendant, nor was the alleged error in the instructions raised in the motion for a new trial. It is evident from a study of the entire record that the defendant was accorded a fair trial. The verdict was supported by evidence that was sufficient, if believed by the

jury, and the instructions were not prejudicial to the defendant.

*By the Court.*—Judgment affirmed.

BROWN, J., took no part.