STATE EX REL. KAPUSTA, Respondent, v. WEIR, Appellant.

*November 4—November 29, 1960.*

For the appellant there were briefs by *Arthur DeBardeleben,* attorney, and *William E. Chase* of counsel, both of Park Falls, and oral argument by *Mr. DeBardeleben.*

For the respondent the cause was argued by *John H. Bowers,* assistant attorney general, with whom on the brief were *John W. Reynolds,* attorney general, and *William A. Platz,* assistant attorney general.

DIETERICH, J.   The defendant contends that the evidence presented by the plaintiff was insufficient to sustain the findings of the trial court.

The complainant, Pauline Kapusta, unmarried, was delivered of her second of three children born out of wedlock on June 29, 1957. Pauline Kapusta made complaint on July 22, 1959, charging the defendant, James Harold Weir, with the paternity of the second child, Rosemarie. The complainant was twenty-nine years of age and the defendant, also unmarried, was sixty years of age.

The defendant first became acquainted with the complainant shortly before he hired her as a bartender at his Mellen, Wisconsin, tavern in June, 1956. She began working for the defendant during the first week of June, 1956. The complainant testified that she first had intercourse with the defendant in August, 1956, and that following the first intercourse in August, 1956, they had intercourse through the months of October, November, December, 1956, and January, 1957. The child was born on June 29, 1957.

The complainant testified that conception occurred approximately in October, 1956. The acts of intercourse

occurred at Weir's cabin at Lake Galilee, and during the winter in the barroom of Weir's tavern. The complainant also testified that she had sexual intercourse with one Tom Doyle on Memorial Day of 1956, but did not have intercourse with any other man than the defendant from August, 1956, through January, 1957.

The defendant Weir admitted going out with the complainant between August, 1956, and the spring of 1957, and that they were alone at his cabin on two occasions. That on one of these occasions the complainant stood outside while he checked the windows, and that on another occasion in October, 1956, they went out for a few drinks and took a lunch to the cabin. They stayed at the cabin a couple of hours, but just sat around, had a couple of drinks, and watched television.

The defendant denied having had any sexual relations or physical contact with, or any romantic interest in, the complainant, and testified that his interest in the complainant was only as a bartender. He testified that he hired the complainant because of her previous bartending experience and because he thought she would be a good mixer with his men trade.

There is evidence from which the trial court could have inferred from the associations and opportunities for sexual relations between Tom Doyle and the complainant during the period when the child necessarily was conceived that Tom Doyle could have been the father. However, there is no evidence that the complainant had relations with Doyle during this period, if the direct testimony on the part of the complainant that she did not have any relations with anyone other than the defendant during the critical period is believed. The trial court did believe the complaining witness.

The issue before this court is whether the complainant met the required burden of proof by clear and satisfactory

preponderance of the evidence as required under sec. 52.355, Stats. 1959.

The trial judge was unsure whether the complainant's burden was to prove paternity beyond a reasonable doubt or by clear and satisfactory evidence. He did not determine which was the correct burden of proof, but stated that he was satisfied defendant was the father of complainant's child, beyond a reasonable doubt.

Sec. 52.355, Stats. 1957, which changed the burden of proof from beyond a reasonable doubt to clear and satisfactory evidence, was amended by ch. 298, sec. 1, Laws of 1959, and published August 15, 1959. This case was tried in October, 1959, after the amendment became effective and the trial court should have applied the clear-and-satisfactory-preponderance test as provided in the amendment to determine whether the complainant met the required burden of proof. The trier of fact did not apply the clear-and-satisfactory-preponderance test, but did state in his written decision that he was satisfied from the evidence beyond a reasonable doubt that the child born to the complainant on June 29, 1957, was the child of the defendant.

In *State ex rel. Kurtz v. Knutson* (1958), 5 Wis. (2d) 609, 611, 93 N. W. (2d) 348, this court stated:

"In illegitimacy proceedings the testimony of the complaining witness that she had timely intercourse with the defendant and that she had none with anyone else is sufficient to support a verdict that the defendant is the father of her child, if the jury believed it. *Wille v. State ex rel. Kessler,* 192 Wis. 224, 212 N. W. 260; *State v. Willing,* 259 Wis. 395, 48 N. W. (2d) 236."

It is an elementary principle of law in this state that in civil cases, findings of fact by a trial court will not be set aside on appeal unless they are contrary to the great weight and clear preponderance of the evidence. *Hartman v.*

*Loverud* (1938), 227 Wis. 6, 277 N. W. 641; *Lerner v. Lerner* (1948), 252 Wis. 87, 31 N. W. (2d) 208; *Ische v. Ische* (1948), 252 Wis. 250, 31 N. W. (2d) 607; *Swazee v. Lee* (1951), 259 Wis. 136, 47 N. W. (2d) 733; *Estate of Eannelli* (1955), 269 Wis. 192, 68 N. W. (2d) 791; and *State ex rel. Sowle v. Brittich* (1959), 7 Wis. (2d) 353, 96 N. W. (2d) 337.

The trial court found that the defendant had timely intercourse with the complaining witness, that she did not have intercourse with anyone else during the critical period, and that the defendant was the father of Rosemarie, the child born out of wedlock, to the complainant.

A review of the testimony in the record fails to disclose that the trial court's findings were contrary to the great weight and clear preponderance of the evidence, and accordingly the judgment is affirmed.

*By the Court.*—Judgment affirmed.