STATE EX REL. BURNS, Respondent, v. VERNON, Appellant.

*February 2—March 2, 1965.*

For the appellant there was a brief by *Glassner, Clancy & Glassner* of Milwaukee, and oral argument by *Lawrence Clancy*.

For the respondent there was a brief by *George Thompson,* attorney general, *William A. Platz,* assistant attorney general, *Robert P. Russell,* corporation counsel of Milwaukee county, and *Joseph J. Esser,* assistant corporation counsel, and oral argument by *Mr. Esser.*

CURRIE, C. J. Defendant raises these contentions on this appeal:

(1) The evidence is insufficient to support the finding by the jury that defendant is the father of relator's child.

(2) If defendant does not prevail with respect to the first contention, he is entitled to a new trial because of alleged prejudicial error which resulted from the assistant corporation counsel propounding a certain question to defendant on cross-examination.

(3) In any event, a new trial should be directed in the interest of justice.

### Sufficiency of the Evidence.

Defendant takes the position that relator's testimony, that she had stated in court in March, 1960, that she did not know who was the father of the child, destroyed the effect of her other positive testimony as to the acts of sexual intercourse had with defendant during the two-month period preceding October 3, 1958. There is no testimony that she

had any act of sexual intercourse during any relevant period with anyone other than defendant. Furthermore, the witness Rose Ann Brown testified to a statement made by defendant in her presence in the spring of 1959, that relator and he were expecting a baby about the same time as another couple.

Relator also testified that she did not file a paternity action against defendant when she discovered she was pregnant because he had another year of high school, and "we" did not want defendant's parents to know about it. She further stated that the pregnancy was as much her fault as defendant's and so she decided to take the blame for it. While this latter testimony was not offered as a direct explanation for her 1960 statement, that she did not know who was the father, the jury could have inferred such testimony to be an adequate explanation for the 1960 statement.

While sec. 52.355, Stats., places the burden in a paternity action upon the complainant "of proving the issues involved by clear and satisfactory preponderance of the evidence," we determine that relator sustained that burden in the instant case. While her statement in court in 1960, that she did not know who was the father of her child, conflicts with her other testimony, a logical explanation was given for this. The jury is to judge relator's credibility. Her uncorroborated testimony is sufficient to sustain the verdict. *State ex rel. Kapusta v. Weir* (1960), 12 Wis. (2d) 96, 99, 106 N. W. (2d) 292.

*Alleged Improper Cross-Examination.*

Defendant took the stand as a witness in his own behalf. Part of his direct testimony is as follows: He had "broke up" with relator right before school was out in 1958; he was out of the state throughout the month of August, 1958, and did not return to Milwaukee until after Labor Day. No questions were asked by his counsel with respect to

having had intercourse with the relator or whether he was the father of her child. Defendant had certain conversations with relator after the birth of the child that are not particularly relevant to the attempted cross-examination which followed.

After defendant's counsel had completed the direct examination of defendant, the assistant corporation counsel asked his first question on cross-examination: "Now, Mr. Vernon, state whether or not you had sexual intercourse—." The trial judge interrupted the question to excuse the jury for the noon recess. After the noon recess a discussion was had between the judge and counsel out of the presence of the jury wherein defendant's counsel objected to any question being asked defendant upon cross-examination inquiring whether he had had sexual intercourse with relator. The judge did not rule directly upon the objection but stated that the safer way for the assistant corporation counsel to proceed would be to make defendant his own witness. Then the following transpired:

*"Mr. Esser:* Your Honor, I think the question—any question like this is completely proper for purposes of cross-examination. I asked—as stated—as the law is, the cross-examiner has a wide latitude and inasmuch as this goes to the essence of this particular case, it is certainly proper to cross-examine.

*"The Court:* I haven't much doubt about this because if you don't get it in one way, you can get it in another.

*"Mr. Esser:* The thing is this, your Honor, if you would not allow me to ask such a question, I would take exception to that because I think it is completely proper in the record to take exception.

*"The Court:* Well, it isn't before us yet.

*"Mr. Esser:* That's true.

*"The Court:* Call the jury."

The assistant corporation counsel then proceeded to cross-examine defendant about when he saw relator between

August 4th and October 3, 1958. Defendant answered that he had been in Kansas City, Missouri, in August and did not return to Milwaukee until the day after Labor Day. He also stated he had not seen relator during September or on October 3, 1958, except in school. Then this question was put:

"Now, state whether or not between August 4th and October 3, 1958, you had sexual intercourse with the complainant, Claudine Burns?"

Defendant's counsel then requested that the jury be excused, which request was granted. In the absence of the jury, defendant's counsel moved for a mistrial. The motion for mistrial was denied and the court sustained defendant's objection to the question, but stated that the assistant corporation counsel would be permitted to call defendant adversely to ask such question. This the assistant corporation counsel did not do.

The record makes it clear that the trial court had not definitely ruled on the objection to the partial question put to defendant at the commencement of cross-examination just prior to the noon recess. Therefore, there was nothing improper in the assistant corporation counsel later asking the question about sexual intercourse.

Furthermore, we determine that the ultimate ruling of the court that this question was improper cross-examination was erroneous. Defendant's direct testimony that he had been out of the state all during August and until after Labor Day was obviously given for the purpose of contradicting relator's testimony that she had had acts of sexual intercourse with him during that period. Therefore, the direct question about sexual intercourse during such period was germane to the direct examination and constituted proper cross-examination.

In *Greene v. Agnew* (1915), 160 Wis. 224, 227, 151 N. W. 268, this court stated:

"The right of cross-examination of a party to an action is not to be restricted to narrow limits; a wide scope of inquiry, in subjects related to the matter at issue, is to be allowed for testing his credibility and the weight of his evidence."

*New Trial in the Interest of Justice.*

This court declines to exercise its discretionary power under sec. 251.09, Stats., and direct a new trial in the interest of justice because our reading of the record does not convince us that justice probably miscarried.

*By the Court.*—Judgment affirmed.