STATE EX REL. STOLLBERG, Appellant, v. CRITTENDEN, Respondent.

*December 2, 1965—January 4, 1966.*

For the appellant there was a brief by *Bronson C. La Follette*, attorney general, and *Robert P. Russell*, corporation counsel of Milwaukee county, and *Patrick J. Foster*, assistant corporation counsel, and oral argument by *Mr. Foster*.

For the respondent there was a brief by *Edward R. Cameron* and *Alvin L. Zelonky*, both of Milwaukee, and oral argument by *Mr. Cameron*.

CURRIE, C. J. Counsel for relator raise the following contentions on this appeal:

(1) There is no credible evidence which in any reasonable view supports the jury verdict.

(2) Defendant's counsel engaged in improper cross-examination and made improper remarks in the presence of the jury which were prejudicial and require a new trial if this court does not determine that the evidence requires a judgment that defendant is the father of the child.

(3) A new trial should be granted in the interest of justice if relator does not prevail with respect to either of the foregoing two contentions.

*Credible Evidence to Sustain Verdict.*

The child, a boy, was born September 16, 1964, and weighed seven pounds seven ounces. Relator's last menstrual period before the child's birth commenced December 14, 1963, and lasted approximately five days.

Relator and defendant became acquainted at "Bennie's" tavern in Milwaukee where defendant was working as a bartender. Defendant had commenced work as a bartender in the month of November, 1963, and testified he noticed that relator frequented the bar three or four times a week. He testified relator always remained until closing time and then left with other men.

On the night of December 22d, after the bar closed, defendant took relator home for the first time. Both parties testified they engaged in intercourse that first night they were together. Their relationship continued through the remainder of December and the month of January and involved further engagements in intercourse.

There was no testimony that relator had intercourse with other men during the period of probable conception, but defendant testified that relator often left the bar with other men after closing time, and named three and a possible fourth. Relator admitted that during this period she had been "taken home" by two of the men named by defendant on different occasions after the bar had closed.

Relator contends that these instances when she was taken home after the bar closed were not "dates" with the men involved, and she did not in fact "go out" with them. However, relator also did not consider that her first night out with defendant was a "date," yet they engaged in sexual intercourse on that first night.

Counsel for relator contend that there was no credible evidence to support the jury's verdict that defendant was not the father of the child. This contention is based on defendant's admission that he had intercourse with relator during the conception period and the fact that there was no direct contradiction of relator's testimony that she did not have intercourse with any other men during this period. Defendant, on the other hand, maintains that there was evidence from which the jury could draw a reasonable inference that relator had intercourse with men other than defendant during the conception period. Our review of the record satisfies us that the jury

could draw such an inference from the evidence hereinbefore reviewed.

The jury probably considered highly significant the fact that relator had intercourse with defendant the very first night he took her home from the tavern. It would not be unreasonable for the jury to conclude that the same result probably occurred when other men took her home from the tavern during the conception period. The evidence does not suggest that relator and defendant were engaged in any love affair that distinguished their relationship from that which might have existed between her and the other men who took her home from the tavern.

Counsel for relator stress the fact that her testimony, that she did not have intercourse with any men other than defendant during the conception period, was not directly controverted. However, the jury were the judges of her credibility and were not required to accept her testimony as true.[1] As was stated in *State ex rel. Kurtz v. Knutson:*[2]

"In illegitimacy proceedings the testimony of the complaining witness that she had timely intercourse with the defendant and that she had none with anyone else is sufficient to support a verdict that the defendant is the father of her child, *if the jury believed it. Wille v. State ex rel. Kessler,* 192 Wis. 224, 212 N. W. 260; *State v. Willing,* 259 Wis. 395, 48 N. W. (2d) 236." (Emphasis supplied.)

We conclude that there was credible evidence which reasonably supports the jury's verdict.

---

[1] *Heuer v. Heuer* (1959), 7 Wis. (2d) 208, 213, 96 N. W. (2d) 485; *Estate of Brandenburg* (1961), 13 Wis. (2d) 217, 225, 108 N. W. (2d) 374.

[2] (1958), 5 Wis. (2d) 609, 611, 93 N. W. (2d) 348; quoted with approval in *State ex rel. Kapusta v. Weir* (1960), 12 Wis. (2d) 96, 99, 106 N. W. (2d) 292; and *State ex rel. Sarnowski v. Fox* (1963), 19 Wis. (2d) 68, 70, 119 N. W. (2d) 451.

*Alleged Misconduct by Defendant's Counsel.*

The trial court considered that the possible date of conception lay somewhere between November 18, 1963, and January 17, 1964, and that any act of sexual intercourse by relator prior to November 18, 1963, was immaterial. Accordingly the trial court sustained objections to all questions propounded by defendant's counsel which sought to establish that relator had had sexual intercourse prior to that date.

Counsel for relator contend that defendant's attorney engaged in prejudicial improper conduct in repeatedly asking questions on cross-examination which had to do with relator's conduct prior to November 18, 1963, after the trial court had sustained objections to this line of questioning. It is further contended that defendant's counsel was guilty of prejudicial misconduct when he stated in the presence of the jury:

"I can establish a pattern of conduct that this woman pursued prior to November 17th that would leave me or give the jury the inference that she was of loose moral character."

Relator's counsel, beyond objecting to questions put by defendant's counsel, did not call the trial court's attention to any alleged misconduct on the latter's part which called for corrective action by the court. Nor did relator's counsel make any motion for mistrial. By failing to move for a mistrial prior to the case being submitted to the jury, counsel for relator waived any right to assert prejudice later.[3]

There is another reason why counsel for relator are precluded from now predicating error on conduct of opposing counsel. This is that it was not alleged as a ground for new trial in the motions after verdict. Errors

---

[3] *Kink v. Combs* (1965), 28 Wis. (2d) 65, 72, 135 N. W. (2d) 789, and cases cited.

which the trial court might correct by granting a new trial must be brought to the attention of that court before they will be reviewable as a matter of right on appeal.[4]

### New Trial in the Interest of Justice.

This court declines to exercise its discretionary power under sec. 251.09, Stats., and direct a new trial in the interest of justice because our reading of the record does not convince us that justice probably miscarried.[5]

*By the Court.*—Judgment affirmed.

---

[4] *Withers v. Tucker* (1965), 28 Wis. (2d) 82, 87, 135 N. W. (2d) 776; *Dombeck v. Chicago, M., St. P. & P. R. Co.* (1964), 24 Wis. (2d) 420, 430, 129 N. W. (2d) 185.

[5] *State ex rel. Burns v. Vernon* (1965), 26 Wis. (2d) 563, 569, 133 N. W. (2d) 292.