STATE EX REL. WERLEIN, Respondent, v. ELAMORE, Appellant.

*November 30, 1966—January 3, 1967.*

For the appellant there was a brief and oral argument by *Paul Pike Pullen* of Milwaukee.

For the respondent the cause was argued by *Joseph J. Esser,* assistant corporation counsel of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Robert P. Russell,* corporation counsel.

GORDON, J. The legislature provided that in initiating paternity proceedings under sec. 52.24, Stats., the court should interrogate the mother of the child as to "the place where such child was begotten." Such inquiry was not made in the case at bar, and a timely motion for dismissal was made; we must determine whether this flaw is fatal. This in turn will depend on whether the legislative language is found to be mandatory or only directory. We conclude it is the latter and therefore affirm the trial court's refusal to dismiss the action.

The place where the mother claims that the conception occurred may be singularly germane at a *trial* of a contested paternity case if the putative father chooses to examine her on this point. However, the question has no relevance with regard to either venue or probable cause.

So far as venue is concerned, it is immaterial where the child was conceived. The place of conception simply does not go to the substance of the proceedings. Pursuant to sec. 52.32, Stats., venue in a paternity action lies "in the county where the complainant resides." This court has indicated that venue does not even depend on whether the child was conceived within or without the state. *Duffies v. State* (1858), 7 Wis. 567 (*672), 568 (*673). A complaint in a paternity action is valid even though it does not state the place where the child was begotten. *Zweifel v. State* (1871), 27 Wis. 396. See also *State ex rel. Reynolds v. Flynn* (1923), 180 Wis. 556, 193 N. W. 651.

So far as probable cause is concerned, it is clear that the place of conception is not material. In *State ex rel. White v. Simpson* (1965), 28 Wis. (2d) 590, 596, 597, 137 N. W. (2d) 391, this court said:

"We believe that the unmarried mother's affidavit that the defendant was the father of the child with which she was then pregnant sets forth a sufficient basis for a finding of probable cause. . . .

". . . in a paternity complaint, the essential facts are that the woman is pregnant with a child which will be (or has been) born out of wedlock and that the defendant is the responsible male."

A number of decisions by this court demonstrate that a verdict holding the defendant to be the father of an illegitimate child may be based on the testimony of the mother that she had sexual intercourse with the defendant during the relevant time period and that she did not have such relations with anyone else. *State ex rel. Kapusta v. Weir* (1960), 12 Wis. (2d) 96, 106 N. W. (2d)

292; *State v. Willing* (1951), 259 Wis. 395, 48 N. W. (2d) 236; *Wille v. State ex rel. Kessler* (1927), 192 Wis. 224, 212 N. W. 260.

In determining whether a statutory provision is mandatory or directory in character, we have previously said that a number of factors must be examined. These include the objectives sought to be accomplished by the statute, its history, the consequences which would follow from the alternative interpretations, and whether a penalty is imposed for its violation. *Marathon County v. Eau Claire County* (1958), 3 Wis. (2d) 662, 666, 89 N. W. (2d) 271; *Worachek v. Stephenson Town School Dist.* (1955), 270 Wis. 116, 70 N. W. (2d) 657. We have also stated that directory statutes are those having requirements "which are not of the substance of things provided for." *Manninen v. Liss* (1953), 265 Wis. 355, 357, 61 N. W. (2d) 336.

In 2 Sutherland, Statutory Construction (3d ed.), p. 216, sec. 2802, the author observes that provisions are normally considered directory "which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business, and by the failure to obey no prejudice will occur to those whose rights are protected by the statute." The text further (p. 217, sec. 2804) states that a provision is interpreted as directory where the "manner of performing the action directed by the statute is not essential to the purpose of the statute."

Applying the foregoing standards to the hearing conducted under sec. 52.24, Stats., we find that its primary purpose is to determine whether probable cause exists to issue a warrant against a putative father; we believe that the clause regarding the place of conception is no more than a directory provision.

The foregoing conclusion is deemed correct notwithstanding the fact that the statute uses the word "shall." We have frequently stated that the word "shall" is to be

construed to mean "may" where such construction is warranted by other circumstances. *Sommerfeld v. Board of Canvassers* (1955), 269 Wis. 299, 69 N. W. (2d) 235; *George Williams College v. Williams Bay* (1943), 242 Wis. 311, 7 N. W. (2d) 891; *Appleton v. Outagamie County* (1928), 197 Wis. 4, 220 N. W. 393.

We conclude that there was a failure to perform an act which was only directory and that the omission was not fatal. It thus becomes unnecessary for us to consider whether the warrant could be upheld under sec. 52.25, Stats., since we find that it was validly issued under sec. 52.24.

*By the Court.*—Orders affirmed.